UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD M. WANLAND, JR.,<br><br>Defendant. | No. 2:13-cv-2343 LKK KJN PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Presently pending before the court is defendant Donald M. Wanland, Jr.'s ("defendant") motion to dismiss or stay the action, which was originally filed on February 27, 2014. (ECF No. 17.) On March 3, 2014, the action was referred to the undersigned pursuant to Local Rule 302(c)(21). (ECF No. 18.) Because defendant was incarcerated and no hearing on the motion was scheduled, the court issued a minute order on March 4, 2014, requiring plaintiff United States of America ("United States") to file a response to defendant's motion no later than April 3, 2014. (ECF No. 19.) Defendant was permitted to file a reply brief no later than April 17, 2014, whereupon the motion was to be submitted on the papers and without oral argument pursuant to Local Rule 230(g). (Id.) Thereafter, on April 3, 2014, the United States filed an opposition to defendant's motion. (ECF No. 20.) Although the April 17, 2014 deadline has long since passed,

////

defendant did not file a reply brief or request an extension to file a reply brief.[1]

After considering the parties' written briefing, the court's record, and the applicable law, the court recommends that defendant's motion to dismiss or stay the action be denied.

BACKGROUND

The United States commenced the instant action on November 13, 2013, seeking a determination that, pursuant to 11 U.S.C. § 523(a)(1)(C), assessments for defendant's federal tax liabilities for certain tax years were not discharged in bankruptcy, as well as seeking to reduce such tax assessments to judgment.  (See generally Complaint, ECF No. 1 ["Compl."].)  The United States essentially alleges that defendant was assessed as owing taxes of approximately $1,260,040.60 for the tax years of 1996, 1997, 1998, 2000, 2001, 2002, and 2003; that he was aware of his duty to pay such taxes; but that he "willfully attempted to evade or defeat payment of his federal tax liabilities" and "voluntarily, consciously, and intentionally concealed his assets from, and/or placed his assets out of the reach of, the United States."  (Compl. ¶¶ 6, 11-17.)

According to the United States, defendant operated a successful law practice and lived an extravagant lifestyle with luxury cars and large expenditures on hotels and resorts, but nonetheless refused to sell his assets to satisfy tax liabilities, failed to honor IRS levies issued to his law firm and another of his partnerships, paid other creditors instead of the United States, used nominee bank accounts in the name of a partnership for personal banking, and concealed nominee accounts from his accountants and the IRS when submitting sworn Collection Information Statements.  (Compl. ¶¶ 14-17.)  The complaint indicates that defendant was ultimately convicted of 28 criminal counts, "including Attempt to Evade and Defeat the Payment of Tax (1 count), the Removal, Deposit, and Concealment of Property Subject to Levy (24 counts), and Willful Failure to File Income Tax Returns (3 counts).  See United States of America v. Donald M. Wanland, Jr.,

---

[1] Defendant's motion to dismiss or stay the action, filed on February 27, 2014, requested additional time to file a supplemental memorandum should the court require additional citations to legal authorities and other documents.  (ECF No. 17 at 7.)  By the court's March 4, 2014 minute order, the court granted defendant an opportunity to file a reply brief in support of his motion no later than April 17, 2014, which defendant did not do.  (ECF No. 19.)  In any event, after reviewing the parties' present briefing, the court finds that supplemental briefing concerning the motion is unnecessary.

2

1  Case no. 2:09-cr-008-LKK (ED Cal.)." (Id. ¶ 18.) The court's records confirm that defendant
2  was convicted by a jury of the above-mentioned counts on September 26, 2013, that defendant
3  was sentenced to a term of imprisonment on March 25, 2014, that judgment in the criminal case
4  was entered on March 28, 2014, and that a notice of appeal was filed on April 7, 2014. See
5  United States of America v. Donald M. Wanland, Jr., 2:09-cr-8-LKK, ECF Nos. 263, 266, 301-
6  03.[2]

The operative complaint further states that defendant had filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 27, 2007, and that defendant's bankruptcy case was later converted to a Chapter 7 case on October 16, 2007. (Compl. ¶ 8.) According to the United States, on June 18, 2007, the IRS filed a timely proof of claim in the amount of $1,538,702.47 in the bankruptcy action, which was amended on August 26, 2008, and which included the liabilities at issue in this case. (Id. ¶ 9.) Defendant apparently received a discharge on June 8, 2011, and the bankruptcy case was closed on June 13, 2011. (Id. ¶ 10.)

After defendant received several extensions to respond to the United States' complaint in this action, defendant ultimately filed the instant motion to dismiss or stay the action.

DISCUSSION

Motion to Stay the Action

Defendant's motion to dismiss or stay the action, filed on February 27, 2014, requests the court to stay the action pending the final outcome of defendant's criminal case. However, as noted above, judgment in defendant's criminal case was subsequently entered on March 28, 2014, essentially rendering defendant's request moot. United States of America v. Donald M. Wanland, Jr., 2:09-cr-8-LKK, ECF No. 302.

To the extent that defendant contends that this civil action should be stayed until his appeal of the criminal action to the Ninth Circuit has been resolved, that argument is unpersuasive. As the Ninth Circuit has explained:

---

[2] A court may take judicial notice of the existence of court filings and other matters of public record, which are not subject to reasonable dispute. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings…In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence…Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action…
>
> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case…This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated…In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation….

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995) (internal citations and quotation marks omitted).

In this case, it is unlikely that defendant's fifth amendment rights would be implicated by this civil action, because defendant has already been convicted and sentenced in the criminal action.  As the United States points out, the only presumable way that defendant's fifth amendment rights could potentially be implicated would be if he were to successfully appeal his conviction and a new trial was ordered.  However, such speculation appears insufficient to warrant a stay here.  "[W]here trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings."  Taylor v. Ron's Liquor Inc., 2011 WL 499944, at *2 (N.D. Cal. Feb. 8, 2011).

Moreover, as the Ninth Circuit has observed, although the extent to which a defendant's fifth amendment rights are implicated is a "significant factor" for the court to consider, "it is only one consideration to be weighed against others."  Keating, 45 F.3d at 326.  Here, the interests of the United States and the public in timely resolution of this action, which involves collection of allegedly long overdue tax liabilities, weigh heavily in favor of denying a stay.  Furthermore, because the criminal action has now been concluded in district court, there is little to no risk that

1 allowing this civil action to continue would somehow constitute an inefficient use of judicial
2 resources.  To the contrary, it is the court's preference to resolve pending actions on the merits as
3 expeditiously as possible.  Finally, there is no indication that simultaneously defending this civil
4 action in district court and pursuing an appeal of the criminal action in the Ninth Circuit would
5 place an unreasonable burden on defendant.  Defendant may be incarcerated, but he has already
6 requested and received extensions of time in the present action, and may be able to obtain further,
7 brief extensions here and in the Ninth Circuit to accommodate any scheduling/briefing conflicts,
8 provided that he makes a proper showing in support of such requests.

9 Therefore, after weighing the above-mentioned factors, the court concludes that defendant
10 would not suffer substantial prejudice if this civil action were permitted to continue, that the
11 interests of justice do not warrant a stay, and that defendant's motion to stay should accordingly
12 be denied.

13 The court proceeds to analyze the merits of defendant's motion to dismiss the action
14 pursuant to Federal Rule of Civil Procedure 12(b)(6).

15 <u>Motion to Dismiss the Action Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

16 A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)
17 challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>
18 <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard
19 of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and
20 plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see</u>
21 <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,
22 a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that
23 is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v.</u>
24 <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads
25 factual content that allows the court to draw the reasonable inference that the defendant is liable
26 for the misconduct alleged."  <u>Id.</u>

27 In considering a motion to dismiss for failure to state a claim, the court accepts all of the
28 facts alleged in the complaint as true and construes them in the light most favorable to the

plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071.  In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

In his motion to dismiss, defendant contends that this action is barred by the doctrines of collateral estoppel and res judicata.  Defendant essentially reasons that his June 8, 2011 bankruptcy discharge included the tax liabilities at issue in this action, and that the United States is therefore collaterally estopped from raising the issue of whether or not the taxes were dischargeable in this action.  That argument lacks merit, because a discharge under 11 U.S.C. § 727 "does not discharge an individual debtor from any debt—for a tax…with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax…."  11 U.S.C. § 523(a)(1)(C).  Furthermore, although the Ninth Circuit has apparently not squarely addressed the issue, other courts have persuasively held, based on an analysis of the applicable statutes and bankruptcy rules, that the United States is not required to obtain a ruling on the non-dischargeability of a tax debt pursuant to section 523(a)(1)(C) in the underlying bankruptcy case to prevent its discharge:

> Debts listed in §§ 523(a)(2), (a)(4) and (a)(6) are automatically discharged in bankruptcy unless a creditor objects to their dischargeability by filing an adversary proceeding. Fed. R. Bankr. P. 4007 (advisory committee notes).  A creditor who wishes to object to the dischargeability of a debt under §§ 523(a)(2), (a)(4) or (a)(6) must file a complaint within sixty (60) days of the first scheduled meeting of creditors.  Fed. R. Bankr. P. 4007(c)…Those debts excluded from discharge not listed in §§ 523(a)(2), (a)(4) or (a)(6), including certain tax debts, are automatically excepted from discharge…As a result, a complaint to determine the dischargeability of a debt, other than a debt listed in §§ 523(a)(2), (a)(4) or (a)(6), may be filed at any time.  Fed. R. Bankr. P. 4007(b).

In re Walls, 496 B.R. 818, 825-26 (N.D. Miss. 2013) (citation omitted); see also In re Range, 48

1  Fed. App'x 103, at *5 & n.2 (5th Cir. 2002) (unpublished).

2       Here, the operative complaint alleges sufficient facts to permit the court to draw a
3  reasonable inference that defendant willfully attempted to evade or defeat payment of the tax
4  liabilities at issue. Accepting such factual allegations as true for purposes of a motion to dismiss
5  under Rule 12(b)(6), it follows that these taxes would not have been automatically discharged
6  upon issuance of the discharge under 11 U.S.C. § 727. Defendant does not contend that the
7  bankruptcy court actually made any specific findings regarding the dischargeability of these tax
8  liabilities as part of an adversary proceeding in the bankruptcy action. As such, at least based on
9  the present record in the context of defendant's motion to dismiss, the doctrines of collateral
10 estoppel and res judicata do not bar the United States' present action.

11      Defendant further argues that, even if the action is not barred by principles of collateral
12 estoppel and res judicata, the bankruptcy court has exclusive jurisdiction over this action.
13 According to defendant, the United States should be required to move to reopen the bankruptcy
14 case to pursue the requested relief in that forum. That argument is devoid of merit, because the
15 Ninth Circuit has confirmed that, with respect to dischargeability or non-dischargeability of debts
16 under subsections of section 523(a) other than subsections (a)(2), (a)(4), and (a)(6), "bankruptcy
17 courts have concurrent rather than exclusive jurisdiction to determine whether a debt is excepted
18 from discharge." In re Eber, 687 F.3d 1123, 1128 (9th Cir. 2012).

19      Finally, defendant also contends that the action is barred by the doctrine of laches.
20 However, that argument cannot succeed in light of Ninth Circuit precedent holding that "laches is
21 not a defense to the United States' enforcement of tax claims." Dial v. Comm'r Internal Revenue
22 Serv., 968 F.2d 898, 904 (9th Cir. 1992).

23      For these reasons, the court concludes that defendant's motion to dismiss pursuant to Rule
24 12(b)(6) should be denied.

25 CONCLUSION

26      Accordingly, in light of the above, IT IS HEREBY RECOMMENDED that:
27      1. Defendant's motion to dismiss or stay the action (ECF No. 17) be denied.
28      2. Defendant be required to file an answer to the United States' complaint within 21 days

of adoption of these findings and recommendations by the district judge, assuming that they are adopted. The court will issue further orders concerning case management and scheduling once the pleadings are settled.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 6, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE