1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:13-cv-2343-KJM-KJN PS

12              Plaintiff,

13        v.                                       ORDER

14   DONALD M. WANLAND, JR.,

15              Defendant.

16

17          Presently pending before the court is defendant Donald M. Wanland, Jr.'s August 19,

18   2015 motion to modify the pretrial scheduling order.  (ECF No. 38.)[1]  On September 2, 2015, the

19   United States filed a response to defendant's motion, whereupon the motion was submitted on the

20   record and written briefing without oral argument.  (ECF Nos. 39, 40.)[2]  For the reasons discussed

21   below, the court DENIES the motion.

22

23   [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).  Defendant,
     who proceeds without counsel, is a licensed California attorney, but is not presently entitled to
24   practice law in California as a result of an interim suspension after his criminal conviction.  See
     http://www.calbar.ca.gov, under "Attorney Search."
25

26   [2] In his motion, defendant requested that he be granted a minimum of 3-4 weeks to file a reply
     brief from the time that the United States' opposition brief is filed.  However, because the court
27   resolves defendant's motion based solely on the arguments contained therein, and such resolution
     does not necessitate consideration of the United States' response brief, no reply to the United
28   States' response brief is necessary.

                                                    1

1    By way of this action, the United States seeks a determination that, under 11 U.S.C. §

2    523(a)(1)(C), assessments for defendant's federal tax liabilities for the tax years 1996-2003 were

3    not discharged in bankruptcy, and seeks to reduce those assessments to judgment.  Defendant

4    denies liability and contends that the action is barred on various legal grounds.

5    The court issued its initial pretrial scheduling order in the case on November 24, 2014.

6    (ECF No. 32.)  After a July 7, 2015 modification to the scheduling order, made upon a showing

7    of good cause, the case is currently scheduled so that discovery must be completed by September

8    30, 2015; law and motion must be completed by November 19, 2015; a final pretrial conference is

9    set for March 3, 2016; and a bench trial is set for April 4, 2016.  (ECF No. 34.)[3]  In the instant

10   motion, defendant seeks to extend each of these deadlines by approximately nine months, if not

11   longer.

12   Federal Rule of Civil Procedure 16 provides, in part, that a scheduling order "may be

13   modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  As the

14   Ninth Circuit Court of Appeals has observed:

15
16   > Rule 16(b)'s good cause standard primarily considers the diligence
     > of the party seeking the amendment.  The district court may modify
     > the pretrial schedule if it cannot reasonably be met despite the
17   > diligence of the party seeking the extension.  Moreover,
     > carelessness is not compatible with a finding of diligence and offers
     > no reasons for a grant of relief.  Although the existence or degree of
18   > prejudice to the party opposing the modification might supply
     > additional reasons to deny a motion, the focus of the inquiry is upon
19   > the moving party's reasons for seeking modification.  If that party
     > was not diligent, the inquiry should end.
20

21   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and

22   quotation marks omitted).

23   After carefully reviewing defendant's motion to modify the pretrial scheduling order, and

24   his reasons for seeking such relief, the court concludes that defendant has not demonstrated the

25   requisite good cause required by Rule 16(b)(4).

26

27   [3] For the exact terms and details regarding these deadlines, and other case deadlines, the parties
     shall consult the November 24, 2014 initial pretrial scheduling order and the court's July 7, 2015
28   minute order modifying the initial pretrial scheduling order.  (See ECF Nos. 32, 34.)

1   Contrary to defendant's contention, a party's incarceration does not *per se* render a party

2 unable to fairly litigate an action.  Even though the court is not unsympathetic to the difficulties

3 faced by prisoner litigants, the court notes that a substantial part of its docket is comprised of

4 cases brought by or against prisoners, who most often proceed without counsel and have to

5 litigate their entire cases from prison.  Moreover, unlike defendant here, most such prisoner

6 litigants have no legal training whatsoever.  Although defendant is imprisoned, his presence at

7 trial (or other necessary hearings/conferences) can be, and would be, secured by the court through

8 an appropriate order.  Furthermore, nothing prevented defendant, upon issuance of the scheduling

9 order, from serving discovery requests on the United States or other appropriate persons (or

10 seeking a court order authorizing a particular discovery request if required under the Federal

11 Rules of Civil Procedure), or from filing any appropriate motions.

12   The court's November 24, 2014 scheduling order specifically acknowledged defendant's

13 status as a prisoner litigant, noting that "[e]specially in light of defendant's incarcerated status,

14 the court expects the parties to cooperate in good faith with respect to scheduling matters, and to

15 work diligently to comply with deadlines and move this case forward towards resolution."  (ECF

16 No. 32 at 6.)  Notably, defendant's motion to modify the scheduling order contains no discussion

17 of the discovery he has conducted to date; it only suggests that he still needs to do a significant

18 amount of discovery.  To the extent that defendant has done little or no discovery in the over 9

19 months since the issuance of the scheduling order, as the motion appears to suggest, it strongly

20 undermines any showing of diligence required to support modification of the scheduling order.

21   Defendant further argues that case deadlines should be extended, or the case stayed, until

22 the Ninth Circuit decides the appeal of his related criminal convictions.  Defendant contends that

23 such an extension would conserve judicial/party resources and would preserve his constitutional

24 right against self-incrimination.  However, those arguments, in addition to defendant's arguments

25 that the United States impermissibly delayed bringing this action or should have properly asserted

26 its claims in defendant's earlier bankruptcy case, have already been addressed and rejected in the

27 context of defendant's prior motion to dismiss or stay the action.  (See June 6, 2014 Findings and

28 Recommendations recommending denial of defendant's motion to dismiss or stay the action, ECF

1  No. 22, adopted by the district judge's August 6, 2014 order, ECF No. 27.)  As such, those

2  arguments do not support an extension of the case deadlines.

3        Finally, defendant contends that he should be permitted to demand a jury trial at this

4  juncture.  Defendant concedes that his jury demand is untimely, because he did not serve and file

5  a jury demand within fourteen (14) days of service of the answer (i.e., by September 5, 2014,

6  which is 14 days after the service and filing of defendant's August 22, 2014 answer).  See Fed. R.

7  Civ. P. 38(b).  However, defendant argues that he was incarcerated and unaware of the

8  requirements of Rule 38(b), and notes that he informed the United States of his desire for a jury

9  trial in a letter dated September 30, 2014, which was incorporated into the status report filed with

10  the court on November 4, 2014.  (ECF No. 31-1.)

11        Federal Rule of Civil Procedure 39 provides, in part, that "[i]ssues on which a jury trial is

12  not properly demanded are to be tried by the court.  But the court may, on motion, order a jury

13  trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).

14  Nevertheless, as the Ninth Circuit has explained:

15              [T]he district court's discretion under Rule 39(b) is narrow and
              does not permit a court to grant relief when the failure to make a
16              timely demand results from an oversight or inadvertence such as a
              good faith mistake of law with respect to the deadline for
17              demanding a jury trial. Zivkovic argues that his untimely demand
              for a jury trial should be excused because he filed his complaint *pro
18              se* and was unaware of the requirements of Rule 38(b).  However,
              Zivkovic's good faith mistake as to the deadline for demanding a
19              jury trial establishes no more than inadvertence, which is not a
              sufficient basis to grant relief from an untimely jury demand.
20

21  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1086-87 (9th Cir. 2002).

22        Even assuming, without deciding, that the issues for which defendant presently demands a

23  jury trial may be tried to a jury, defendant's inadvertence here likewise does not constitute a

24  sufficient basis to grant relief from an untimely jury demand.  Indeed, defendant's claim of

25  inadvertence is even less compelling than Zivkovic, because defendant has legal training.

26  Defendant's reliance on Massok v. Keller Industries, Inc., 147 Fed. App'x 651 (9th Cir. 2005),

27  and Palmer v. Valdez, 560 F.3d 965 (9th Cir. 2009), is misplaced, because those cases involved

28  the propriety of waivers of jury demands that were initially properly asserted.

4

1     Furthermore, even if inadvertence were conceivably a sufficient basis to grant relief from

2   an untimely jury demand, the court finds that defendant here was not diligent in seeking such

3   relief.  In the November 4, 2014 status report, which was served on defendant, the United States

4   made clear its position that neither party had made a jury demand, and that a bench trial should be

5   scheduled.  (ECF No. 31.)  Subsequently, in the November 24, 2014 scheduling order, which was

6   served on defendant, the court again noted that neither party had properly demanded a jury trial

7   and thus scheduled a bench trial.  (ECF No. 32.)  Because defendant then waited almost nine

8   months to bring the instant motion requesting a jury trial, he was plainly not diligent.

9     In sum, the court finds that defendant has not demonstrated the requisite good cause to

10   modify the scheduling order.

11     Accordingly, IT IS HEREBY ORDERED that:

12     1.   Defendant's motion to modify the scheduling order (ECF No. 38) is DENIED.

13     2.   The United States and defendant are advised that the deadlines set in the court's

14          November 24, 2014 scheduling order, as modified by the July 7, 2015 minute order,

15          are confirmed and will be strictly enforced.

16     IT IS SO ORDERED.

17   Dated:  September 4, 2015

18                                        _____
19                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

5