UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD M. WANLAND, JR.,<br><br>Defendant. | No.  2:13-cv-2343-KJM-KJN PS<br><br><br><br>ORDER |

INTRODUCTION

On October 30, 2015, the United States filed a motion to withdraw admissions made by operation of Rule 36.  (ECF No. 53.)  Defendant Donald M. Wanland, Jr. has opposed the motion, and the United States filed a reply to defendant's opposition.  (ECF Nos. 62, 63.)  After considering the parties' briefing and the applicable law, the court GRANTS the motion, but issues monetary sanctions and further relief, as outlined below.

BACKGROUND

On September 26, 2013, defendant, a now-suspended California attorney, was convicted of 28 criminal counts, including attempt to evade and defeat the payment of tax (1 count); the removal, deposit, and concealment of property subject to levy (24 counts); and willful failure to file income tax returns (3 counts).  Defendant was subsequently sentenced to a term of imprisonment on March 25, 2014; the judgment in the criminal case was entered on March 28,

1

1  2014; and defendant filed a notice of appeal on April 7, 2014.  The criminal appeal remains

2  pending, and defendant is presently incarcerated.  See United States of America v. Donald M.

3  Wanland, Jr., 2:09-cr-8-LKK, ECF Nos. 263, 266, 301-03.[1]

4        On November 13, 2013, the United States commenced the instant civil action, seeking a

5  determination that assessments for defendant's federal tax liabilities for certain tax years between

6  1996-2003, which the United States alleges amounts to $1,260,040.60 as of October 8, 2012,

7  were not discharged in bankruptcy, as well as seeking to reduce such tax assessments to

8  judgment.  (ECF No. 1.)  An initial pretrial scheduling order was issued on November 24, 2014.

9  (ECF No. 32.)  Pursuant to later modifications to the scheduling order, discovery was to be

10  completed by September 30, 2015[2]; law and motion (except as to discovery matters) was to be

11  completed by December 18, 2015; and a final pretrial conference and trial are presently set for

12  March 3, 2016, and April 4, 2016, respectively.  (ECF Nos. 34, 52.)  The court cautioned the

13  parties on several occasions to diligently abide by the case deadlines, which would be strictly

14  enforced.  (See, e.g., ECF Nos. 32, 41.)

15        On August 25, 2015, defendant served the United States with a set of written discovery

16  requests.  (Declaration of Gerald A. Role, ECF No. 54 ["Role Decl."], ¶ 3, Ex. B.)  In a

17  declaration signed under penalty of perjury, counsel for the United States, Gerald Role, who is

18  based in Washington, D.C., explains the ensuing events as follows:

19
20
21
22
23

> 3.   At some time in early September 2015, I received written discovery from defendant in the form of a thick stack of typewritten pages.  I do not remember the exact date, but it was far enough into September that I believed when I received it that the discovery was not timely given the September 30, 2015 date for discovery completion.  As a result, I only gave it a cursory glance and did not calendar it for response, which is my usual practice.  I noticed a set of interrogatories and a request for production of documents.  I did

---

[1] A court may take judicial notice of the existence of court filings and other matters of public record, which are not subject to reasonable dispute.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

[2] In the context of the scheduling order, the word "completed" means that "all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  (ECF No. 32 at 3.)

>    not notice a set of requests for admissions. I have no reason to believe the requests for admissions were not included as a part of that mailing; I am only saying I did not notice them at the time. I set defendant's discovery on my desk, next to my inbox.
>
>    4. Later in September, I looked more closely at the discovery and saw that it stated that it had been served on August 25, 2015, and noted that I might have to respond to it after all. I only looked at the discovery request on the top of the stack, which was either the interrogatories or requests for production of documents; I did not notice a request for admissions.
>
>    5. In late September, I was preparing to take the deposition of defendant's accountant, Steven A. Campbell, in Sacramento. I put the discovery in my litigation bag, with the intent of working on it on the trip. Between preparation for the deposition and work on another case, I did not have occasion to look at or work on the discovery.
>
>    6. On the afternoon of October 22, 2015, defendant's letter dated October 10, 2015, postmarked October 13, 2015, was delivered to my office. A true and correct copy of the letter and its envelope are attached as Exhibit A.
>
>    7. The next day, October 23, 2015, I conferred with my assistant section chief about the reference in the letter to requests for admission. This is the first point at which I was aware that defendant's discovery included requests for admission to which I had not responded. I tried to find my copy of the discovery requests, but could not. I believe I may have inadvertently discarded them along with excess copies of deposition exhibits when I returned from Sacramento.
>
>    8. On the afternoon of October 23, 2015, I called the Bureau of Prisons attorney at USP-Atwater and asked if he could get copies of defendant's discovery requests. He did so, and emailed them to me that afternoon. A copy of the requests for admission is attached as Exhibit B.
>
>    9. On October 30, 2015, I served on the defendant the United States' responses to his discovery requests, including the requests for admission.

(Role Decl. ¶¶ 3-9.)

Also on October 30, 2015, the United States filed the instant motion to withdraw admissions. (ECF No. 53.) The motion concedes that, because the United States did not timely respond to the requests for admission, the requests were deemed admitted by operation of Federal Rule of Civil Procedure 36, necessitating a motion to withdraw such admissions. The motion also acknowledges that defendant had previously filed a motion for summary judgment and other

3

dispositive relief on October 26, 2015, relying, at least in part, on the deemed admissions. (See ECF No. 51.) Thereafter, on November 3, 2015, the United States filed its own motion for summary judgment. (ECF No. 55.)

DISCUSSION

United States' Motion to Withdraw Admissions

As an initial matter, defendant contends that the court should deny the United States' motion to withdraw admissions on procedural grounds alone.

Defendant argues that, because the motion is a discovery motion, the United States failed to comply with (1) the court's scheduling order by filing its motion after the September 30, 2015 discovery completion deadline; and (2) with Local Rule 251 by not meeting and conferring with defendant prior to the filing of the motion, and not drafting a joint statement regarding the discovery disagreement.

The United States counters that the motion is not a true discovery motion concerning the propriety of a particular discovery request or the adequacy of a particular discovery response. Instead, the deemed admissions go to the merits of the claims in the complaint, and a ruling on the motion could be dispositive of the case. Thus, even if Local Rule 251 and the discovery completion deadline were applicable to the instant motion, strict compliance should not be required. The United States further posits that compliance with the meet-and-confer and joint statement requirements of Local Rule 251 would have been difficult given defendant's incarceration, and also asserts that defendant's vigorous opposition to the motion demonstrates that meet-and-confer efforts would have been futile.

Even assuming, without deciding, that the United States' motion is a discovery motion subject to Local Rule 251 and the discovery completion deadline in the pretrial scheduling order, and that the United States thus violated those provisions, the court declines to deny the motion solely on such procedural grounds. Denial of the United States' motion, whether strictly characterized as a discovery motion or not, would be dispositive of the case, and would constitute a disproportionately harsh sanction for procedural violations. In any event, defendant has been provided an adequate opportunity to oppose the motion on the merits, and has done so. (ECF

Nos. 59, 62.) As such, the court proceeds to the merits of the motion.

Federal Rule of Civil Procedure 36(a) provides that a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Once admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). According to Rule 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

As the Ninth Circuit Court of Appeals has explained:

> Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations and quotation marks omitted). A district court is not required to grant relief when the moving party can satisfy the two-pronged test—"in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id. at 624-25.

The court evaluates the United States' motion to withdraw admissions under the framework outlined above.

*Whether the presentation of the merits of the action will be subserved*

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622.

Here, there can be no serious dispute that the admissions involved are case dispositive. In this case, the United States essentially seeks a determination that defendant's alleged federal tax

5

liabilities were not discharged in bankruptcy, and seeks to reduce them to judgment. However, in defendant's requests for admission, which are now deemed admitted, defendant asked the United States to admit, *inter alia*, that the tax liabilities at issue were discharged in bankruptcy (Request No. 3); that the tax liabilities are barred from enforcement by the doctrine of res judicata (Request No. 5); and that defendant did not engage in tax evasion at any time (Request No. 19). (Role Decl. Ex. B.) If such matters are deemed conclusively established, it would essentially eliminate the United States' ability to present the merits of its case. Defendant's briefing does not contend otherwise. As such, the court finds that the presentation of the merits of the action will be subserved if the admissions were upheld.

*Whether withdrawal of the admissions would prejudice defendant in maintaining his defense of the action on the merits*

"The party relying on the deemed admission has the burden of proving prejudice." Conlon, 474 F.3d at 622. The Ninth Circuit has clarified that:

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Id. (citations and quotation marks omitted). Furthermore, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." Id. at 623. Mere "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." Id. at 624.

In this case, defendant would not be prejudiced in maintaining his defense of the action on the merits if the court were to permit the United States to withdraw its admissions. The parties agree that the United States' responses to the requests for admission were due September 28, 2015 (ECF Nos. 54-1 at 2, 62 at 27, 63 at 10), and the United States filed its motion to withdraw the deemed admissions about a month later on October 30, 2015, well in advance of the April 2016 trial date. (ECF No. 53.) See, e.g., Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995) ("Courts are more likely to find prejudice when the motion for withdrawal is made in the

6

1 middle of trial.").

2 Moreover, this is not a case where defendant missed out on an opportunity to take
3 additional discovery because of his reliance on the deemed admissions. Given that the United
4 States' responses to the requests for admission were due on September 28, 2015, two days prior
5 to the September 30, 2015 discovery completion deadline, defendant would not have been able to
6 conduct further discovery based on the United States' responses, even if they had been timely
7 served. Similarly, defendant ultimately received responses to his August 25, 2015 discovery
8 requests. On October 30, 2015, the United States served responses to defendant's August 25,
9 2015 discovery requests, including the requests for admission, and defendant acknowledged that
10 he received the responses on November 6, 2015. (Role Decl. ¶ 9; ECF No. 62 at 27.)[3]

11 Finally, the substance of at least some of defendant's requests for admission suggests that
12 defendant could not have reasonably expected the United States to admit them, and thus can
13 hardly claim to be unfairly surprised by a motion to withdraw such deemed admissions filed only
14 about a month later. As the Ninth Circuit has observed:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to harass the other side or in the hope that a party's adversary will simply concede essential elements.

18 Conlon, 474 F.3d at 622 (internal citations and quotation marks omitted). To be sure, withdrawal
19 of the admissions would no doubt cause some inconvenience to defendant – apart from having
20 prepared a motion for summary judgment relying in part on those admissions, he would be tasked
21 with actually proving the previously-admitted matters. Nevertheless, binding Ninth Circuit

---

[3] Defendant complains about the alleged insufficiency of portions of the United States' responses to the August 25, 2015 discovery requests, but that issue has no bearing on the United States' motion to withdraw its admissions. Even if the United States' responses to the August 25, 2015 discovery requests had been timely served on September 28, 2015, defendant would not have had time to compel supplemental responses prior to the September 30, 2015 discovery completion deadline. If defendant desired such an opportunity, he should have served his discovery requests at an earlier time, building in enough time to have a motion to compel heard prior to the discovery completion deadline, if necessary. Although defendant states that he was in a segregated housing unit in prison, without access to a computer or the library, between May 13, 2015, and August 5, 2015 (ECF No. 62 at 28-29), he fails to explain why he propounded no discovery between November 2014, when the pretrial scheduling order issued, and May 2015.

precedent makes clear that such inconvenience does not amount to prejudice under Rule 36(b).

For these reasons, the court finds that defendant would not be prejudiced in maintaining his defense of the action on the merits if the court were to permit the United States to withdraw its admissions.

*Other factors*

Even if the two-pronged test of Rule 36(b) is satisfied, the court retains discretion to deny the motion to withdraw admissions. Nevertheless, the two factors set forth in Rule 36(b) were clearly intended to be "central to the analysis." Conlon, 474 F.3d at 625. In any event, there are no other factors in this case that strongly militate in favor of denying the United States' motion.

Admittedly, the United States has not shown good cause for its delay. However, despite counsel for the United States' serious shortcomings, discussed more fully below, the failure to timely respond to the requests for admission appears to have been merely grossly negligent and not intentional. Once counsel learned of the existence of the requests for admission on October 22, 2015, he took relatively prompt action by filing the instant motion, and serving responses to the requests for admission, on October 30, 2015. (Role Decl. ¶¶ 6-9.) As such, and with particular regard to the general public policy favoring disposition of cases on their merits, lesser sanctions are more appropriate.[4]

The court also declines to prematurely assess the strength of the United States' claims, or defendant's defenses, at this point. At least at this juncture, and without prejudging any future proceedings, the court cannot conclude that the United States' claims have no merit, and the relative strength or weakness of the claims does not substantially affect the court's resolution of the present motion.

In sum, having carefully considered the record and the applicable law, the court grants the United States' motion to withdraw its admissions.

---

[4] Defendant also asserts that the United States never served its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which were due by January 15, 2015. (ECF No. 32.) It at least appears that the United States does not dispute that assertion. (ECF No. 63 at 12.) If true, the United States should certainly be prepared to address the reasons for, and potential effect of, such a violation in future proceedings, particularly in light of its negligent conduct in the litigation to date. However, that matter is not properly before the court at present.

Monetary Sanctions and Other Relief

Although the court grants the United States' motion to withdraw admissions, the court also finds that some form of lesser sanctions is warranted by Mr. Role's conduct as counsel for the United States.

The facts, as outlined in Mr. Role's own declaration, suggest that Mr. Role displayed a surprisingly cavalier attitude towards his discovery obligations.  As an initial matter, Mr. Role failed to properly review and calendar defendant's August 25, 2015 discovery requests, and ultimately carelessly lost them, initiating the chain of unfortunate events.  However, even more troubling is the following statement in Mr. Role's declaration:

> Later in September, I looked more closely at the discovery and saw that it stated that it had been served on August 25, 2015, *and noted that I might have to respond to it after all*.  I only looked at the discovery request on the top of the stack, which was either the interrogatories or request for production for documents; I did not notice a request for admissions.

(Role Decl. ¶ 4) (emphasis added).  While the court takes Mr. Role at his word that he did not actually discover the *requests for admission* until he received defendant's letter on October 22, 2015 (Role Decl. ¶¶ 6-7, Ex. A), Mr. Role entirely fails to explain why he took no action on the *other written discovery requests* until October 30, 2015; even though, by his own account, he knew that he had to respond to them since "[l]ater in September" and also must have known that the responses were imminently due on September 28, 2015.  (Role Decl. ¶ 4.)

The above actions are simply not the type of conduct the court expects of a licensed attorney, let alone an attorney representing the United States government.  Additionally, it has resulted in a significant amount of unnecessary briefing and proceedings, wasting the limited time and resources of a court in one of the busiest and most overloaded districts in the country.  Consequently, the court finds it appropriate to impose a monetary fine of $500.00 on Mr. Role personally, which is to be paid within 28 days of this order.  See Hadley, 45 F.3d at 1350 (authorizing "a substantial monetary fine" imposed on the client or his attorney as a less severe alternative sanction to denying a motion to withdraw admissions); Duarte Nursery, Inc. v. United States Army Corps of Engineers, 2015 WL 7188227, at *4 (E.D. Cal. Nov. 16, 2015) ("In

considering a motion to withdraw deemed admissions, a court may impose sanctions, including the payment of a monetary fine…even when the court grants the motion to withdraw deemed admissions.").

The court also considers whether some further type of relief is necessary. As discussed above, the United States' actions in this case, although dilatory and improper, have not actually caused defendant to forego an opportunity to conduct additional discovery or to compel supplemental responses to already-propounded written discovery. As the court previously explained, even if the United States' responses to defendant's August 25, 2015 written discovery had been timely served on September 28, 2015, defendant would not have been able to conduct further discovery based on those responses, nor would he have been able to compel supplemental written responses, prior to the September 30, 2015 discovery completion deadline. Therefore, defendant is not strictly entitled to have the discovery period re-opened.

Nevertheless, out of abundance of caution, and in light of the United States' dilatory conduct, the court grants *defendant only* an extension of the discovery period until March 31, 2016 for the *limited purpose* of conducting any oral depositions he wishes to conduct in this matter consistent with the Federal Rules of Civil Procedure. The United States will not be permitted to conduct any additional discovery, other than to appear at or defend any depositions conducted by defendant. Because defendant is incarcerated, he will be required to take such depositions telephonically, with the court reporter, witness, and counsel for the United States located at some other venue (unless all interested parties voluntarily agree to appear at the prison and arrangements are made with the prison). Defendant shall bear the costs and expenses related to any such depositions, including the cost of any court reporters. However, the court expects the United States, upon reasonable notice, to assist with the logistics of arranging such depositions, including providing a venue at the U.S. Attorney's Office for depositions, assisting with the coordination (but not cost) of court reporters, arranging a telephone connection at the prison, coordinating with defendant to reasonably make available and show exhibits selected by defendant to the witness at the deposition, and making any government witnesses reasonably available for deposition. If either party, or both parties, violate the terms and spirit of this order,

or take unreasonable positions with respect to the coordination and scheduling of the authorized discovery, the court will impose sanctions.

No further discovery is authorized, unless the parties informally agree to conduct discovery beyond the terms of this order.  However, the parties are cautioned that the court will not enforce any such informal discovery agreements through motion practice.

Pending Motions and Other Case Deadlines

In light of the court's grant of the United States' motion to withdraw admissions, and the limited extension of the discovery period, the court denies the motions for summary judgment and other dispositive relief filed by the United States and defendant, but without prejudice to their renewal.

If, upon conclusion of the limited extended discovery period, the parties wish to file any motions for summary judgment or other dispositive relief, such motions shall be filed no later than May 5, 2016.  Any opposition briefs shall be due June 16, 2016, and any reply briefs shall be due July 14, 2016.  Upon the filing of the reply briefs, the motion(s) shall be submitted for decision on the record and written briefing without oral argument, and no further briefing will be permitted, unless specifically requested by the court.

Furthermore, to accommodate the limited discovery extension and further dispositive motion practice, the final pretrial conference and trial dates of March 3, 2016, and April 4, 2016, respectively, are vacated.  The court will reschedule dates for the final pretrial conference and trial upon resolution of any dispositive motions.

All other dates, deadlines, and provisions of the scheduling order remain unchanged.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The United States' motion to withdraw admissions (ECF No. 53) is GRANTED.
2. Counsel for the United States, Gerald Role, shall personally pay the Clerk of Court a monetary fine of $500.00 within 28 days of this order.
3. *Defendant only* is granted an extension of the discovery period until March 31, 2016 for the *limited purpose* of conducting any oral depositions he wishes to conduct in this

matter consistent with the Federal Rules of Civil Procedure and the terms outlined in this order.

4. Defendant's motion for summary judgment and other dispositive relief (ECF No. 51) and the United States' motion for summary judgment (ECF No. 55) are DENIED WITHOUT PREJUDICE.

5. Upon conclusion of the limited extended discovery period, the parties may file any motion for summary judgment or other dispositive relief no later than May 5, 2016. Any opposition briefs shall be due June 16, 2016, and any reply briefs shall be due July 14, 2016.  Upon the filing of the reply briefs, the motion(s) shall be submitted for decision on the record and written briefing without oral argument, and no further briefing will be permitted, unless specifically requested by the court.

6. The final pretrial conference and trial dates of March 3, 2016, and April 4, 2016, respectively, are VACATED.  The court will reschedule dates for the final pretrial conference and trial upon resolution of any dispositive motions.

7. All other dates, deadlines, and provisions of the scheduling order remain unchanged.

IT IS SO ORDERED.

Dated: December 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE