UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD M. WANLAND, JR.,<br><br>Defendant. | No. 2:13-cv-2343-KJM-KJN PS<br><br><br><br>ORDER |

On April 25, 2016, defendant filed a notice of motion to compel depositions, or in the alternative, to impose sanctions. (ECF No. 72.) Subsequently, on April 27, 2016, the United States filed a motion for a protective order related to defendant's discovery efforts. (ECF No. 73.) For the reasons discussed below, the court DENIES defendant's motion to compel as untimely and DENIES the United States' motion for a protective order as moot.

In a December 24, 2015 order, for the reasons outlined in that order, the court granted *defendant only* an extension of the discovery period until March 31, 2016, for the limited purpose of conducting oral depositions. (ECF No. 68.) The court's pretrial scheduling order makes clear that discovery motions must be timely brought before the discovery completion deadline so that such motions are resolved, and orders complied with, by that deadline. (See ECF No. 32.) The court again emphasized the impact and consequences of the discovery completion deadline in the above-mentioned December 24, 2015 order, which defendant also references in his notice of

1

1  motion to compel.  (See ECF No. 68 at 7, 10; ECF No. 72.)  As such, defendant, a now-

2  suspended California attorney, cannot credibly claim that he was unaware of the March 31, 2016

3  deadline.

4        Here, defendant's motion, which was signed on April 19, 2016, and filed with the court on

5  April 25, 2016, was brought multiple weeks after defendant's discovery completion deadline, and

6  is thus plainly untimely.  Upon issuance of the court's December 24, 2015 order, defendant

7  should have acted promptly to issue his deposition notices and commence the supplemental

8  discovery, building in enough time to seek the court's assistance for any discovery dispute.  Even

9  assuming, without deciding, that the United States improperly resisted or delayed the scheduling

10  or conduct of depositions, defendant should have brought it to the court's attention well before

11  the discovery completion deadline by an appropriate motion.

12        To the extent that defendant now requests yet another extension of the discovery

13  completion deadline, that request is denied.  As the court previously noted in its December 24,

14  2015 order:

15  
16  
17  
18  
19  
20  
21  
> As discussed above, the United States' actions in this case, although dilatory and improper, have not actually caused defendant to forego an opportunity to conduct additional discovery or to compel supplemental responses to already-propounded written discovery. As the court previously explained, even if the United States' responses to defendant's August 25, 2015 written discovery had been timely served on September 28, 2015, defendant would not have been able to conduct further discovery based on those responses, nor would he have been able to compel supplemental written responses, prior to the September 30, 2015 discovery completion deadline. Therefore, *defendant is not strictly entitled to have the discovery period re-opened.*

22  (ECF No. 68 at 10) (emphasis added).  Nevertheless, "out of abundance of caution, and in light of

23  the United States' dilatory conduct," the court granted defendant a unilateral limited discovery

24  extension of over 3 months.  (Id.)  Defendant's subsequent failure to manage that time well, or to

25  promptly seek the court's assistance in the face of alleged improper resistance by the United

26  States, provides no good cause to modify the scheduling order and further delay this case.

27        The parties are strongly encouraged to focus their efforts on preparation of dispositive

28  motions, if any, which are due on May 5, 2016, in accordance with the special briefing schedule

outlined in the court's December 24, 2015 order.  The court intends to strictly enforce those briefing deadlines.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 72) is DENIED as untimely.

2. The United States' motion for a protective order (ECF No. 73) is DENIED as moot.

Dated:  April 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE