UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cv-2343-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| DONALD M. WANLAND, JR., | |
| Defendant. | |

INTRODUCTION

In this civil action, the United States seeks a determination that assessments of defendant Donald M. Wanland, Jr's federal tax liabilities for certain tax years between 1996-2003 were not discharged in bankruptcy, and also seeks to reduce such tax assessments to a judgment.  (ECF No. 1.)[1]

Presently pending before the court is defendant's "motion for summary judgment, motion for judgment, and motion to dismiss complaint."  (ECF No. 78.)  The United States has opposed the motion, and defendant filed a reply brief.  (ECF Nos. 82, 85.)  After carefully considering the written briefing, the court's record, and the applicable law, the court DENIES the motion.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(21), because defendant, who is legally trained and a former member of the bar of this court, is no longer eligible to practice law and represents himself in this case.

1

1   <u>DISCUSSION</u>

2        Defendant's motion purports to seek summary judgment, judgment on the pleadings,

3   and/or dismissal of the action pursuant to Federal Rules of Civil Procedure 12(c), 16(f), 37(c),

4   41(b), and 56.  However, when properly construed, the motion actually seeks reconsideration of

5   prior court orders addressing two legal issues:  (1) whether the United States' complaint is barred

6   by res judicata; and (2) whether the action should be dismissed due to the United States'

7   purported ongoing discovery abuses.[2]  Upon requesting reconsideration of a prior order, a party

8   must show, *inter alia*, "what new or different facts or circumstances are claimed to exist which

9   did not exist or were not shown upon such prior motion, or what other grounds exist for the

10  motion."  E.D. Cal. L.R. 230(j).  For the reasons discussed below, the court concludes that

11  defendant has not made an adequate showing that reconsideration is warranted as to either issue.

12  Each legal issue is addressed separately below.

13       <u>Res Judicata</u>

14       Over two years ago, in the context of defendant's motion to dismiss the action pursuant to

15  Federal Rule of Civil Procedure 12(b)(6), the court rejected defendant's argument that the

16  complaint is barred by the doctrine of res judicata.  (ECF Nos. 22, 27.)  The court explained that:

> Defendant essentially reasons that his June 8, 2011 bankruptcy
> discharge included the tax liabilities at issue in this action, and that
> the United States is therefore collaterally estopped from raising the
> issue of whether or not the taxes were dischargeable in this action.
> That argument lacks merit, because a discharge under 11 U.S.C. §
> 727 "does not discharge an individual debtor from any debt—for a
> tax…with respect to which the debtor made a fraudulent return or
> willfully attempted in any manner to evade or defeat such tax…."
> 11 U.S.C. § 523(a)(1)(C).

---

[2] In the reply brief, defendant objects that the United States' opposition brief improperly incorporates by reference various other briefs and filings in the record.  However, the court ultimately finds it unnecessary to consider such other cited briefs and filings.  In resolving defendant's motion, the court has only considered:  (a) the briefing specifically associated with defendant's present motion; and (b) the court's prior orders, for the limited purpose of determining whether reconsideration is appropriate.  As such, defendant's objection is overruled as moot.  The court also overrules defendant's objection as to the United States' failure to provide a separate statement in support of its opposition brief.  As noted above, defendant's motion is properly characterized in substance as a motion for reconsideration, not a true motion for summary judgment.  In any event, the motion can be resolved on purely legal grounds, obviating the need to consider any potential factual disputes.

(ECF No. 22 at 6.)  The court further observed that, "although the Ninth Circuit has apparently not squarely addressed the issue, other courts have persuasively held, based on an analysis of the applicable statutes and bankruptcy rules, that the United States is not required to obtain a ruling on the non-dischargeability of a tax debt pursuant to section 523(a)(1)(C) in the underlying bankruptcy case to prevent its discharge."  (Id.)

> Debts listed in §§ 523(a)(2), (a)(4) and (a)(6) are automatically discharged in bankruptcy unless a creditor objects to their dischargeability by filing an adversary proceeding.  Fed. R. Bankr. P. 4007 (advisory committee notes).   A creditor who wishes to object to the dischargeability of a debt under §§ 523(a)(2), (a)(4) or (a)(6) must file a complaint within sixty (60) days of the first scheduled meeting of creditors.  Fed. R. Bankr. P. 4007(c)…Those debts excluded from discharge not listed in §§ 523(a)(2), (a)(4) or (a)(6), including certain tax debts, are automatically excepted from discharge…As a result, a complaint to determine the dischargeability of a debt, other than a debt listed in §§ 523(a)(2), (a)(4) or (a)(6), may be filed at any time. Fed. R.  Bankr. P. 4007(b).

(ECF No. 22 at 6 [quoting In re Walls, 496 B.R. 818, 825-26 (N.D. Miss. 2013) (citation omitted); see also In re Range, 48 Fed. App'x 103, at *5 & n.2 (5th Cir. 2002) (unpublished)].)

The court noted that:

> [T]he operative complaint alleges sufficient facts to permit the court to draw a reasonable inference that defendant willfully attempted to evade or defeat payment of the tax liabilities at issue.  Accepting such factual allegations as true for purposes of a motion to dismiss under Rule 12(b)(6), it follows that these taxes would not have been automatically discharged upon issuance of the discharge under 11 U.S.C. § 727.  Defendant does not contend that the bankruptcy court actually made any specific findings regarding the dischargeability of these tax liabilities as part of an adversary proceeding in the bankruptcy action.  As such, at least based on the present record in the context of defendant's motion to dismiss, the doctrines of collateral estoppel and res judicata do not bar the United States' present action.

(ECF No. 22 at 7.)

Because the court's holding above was in the context of a Rule 12(b)(6) motion to dismiss, and the well-pled factual allegations in the United States' complaint were accepted as true for purposes of that motion, defendant correctly notes that he could, at least conceivably, raise the issue of res judicata again.  However, defendant does not present any new facts, evidence, or circumstances suggesting that the court's prior conclusion should be reconsidered.  If

anything, since the issuance of the court's prior order denying defendant's Rule 12(b)(6) motion to dismiss, the Ninth Circuit Court of Appeals recently, on July 27, 2016, affirmed defendant's jury convictions and sentence for criminal charges related to the tax liabilities at issue in this civil case, including tax evasion, concealment of property subject to a levy, and willful failure to file a tax return.  (See ECF No. 86-1.)

Defendant's sole contention appears to be that the court applied the incorrect law.  The court respectfully disagrees.  The cases cited by defendant discuss the overarching principles and contours of res judicata, including the uncontroversial proposition that the judgment of a bankruptcy court can, under the proper circumstances, constitute a final judgment on the merits that may bar future litigation of certain claims or issues.  The court takes no issue with those cases.  However, none of defendant's cases specifically address the effect of 11 U.S.C. § 523(a)(1)(C).  By contrast, the plain language of 11 U.S.C. § 523(a)(1)(C), as well as the persuasive authorities of In re Walls and In re Range, discussed above, indicate that tax debts "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax" are automatically excepted from discharge, and that the United States is not required to affirmatively seek a ruling on the non-dischargeability of such a debt in the bankruptcy case to prevent its discharge.  See In re Range, 48 Fed. App'x 103, at *7 n.2. (5th Cir. 2002) (noting that "debts excepted under § 523(a)(1)(C) are excepted automatically and a creditor's failure to file a proof of claim *or object to the discharge* does not affect the dischargeability or non-dischargeability of the debt.") (emphasis added).  As such, the 2011 bankruptcy discharge was simply not a final judgment on the merits with respect to the dischargeability of defendant's tax debts at issue here.

Finally, any serious concerns about reliance on such persuasive authorities outside the Ninth Circuit were dispelled by the Ninth Circuit's recent opinion affirming the convictions and sentence in defendant's criminal case.  In that opinion, the Ninth Circuit specifically observed as follows:

> We also doubt that there has been a final judgment on the merits with respect to Wanland's tax debts.  Wanland received a general discharge under 11 U.S.C. § 727.  Under a general discharge order,

4

most debts are automatically discharged.   There are a few exceptions, though, including for a tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat." *Id.* § 523(a)(1)(C).  In accordance with the statutory exceptions to discharge, Wanland was warned in his discharge order that some types of debt are *not* discharged, including "debts for most taxes."  Even if, as Wanland points out, the intent requirements for demonstrating "willful tax evasion" for nondischargeability of debt and willful tax evasion for a criminal tax evasion charge are the same, *Hawkins v. Franchise Tax Bd. of Cal.*, 769 F.3d 662, 669 (9th Cir. 2014), the issue had likely not been adjudicated prior to the jury verdict in this trial.

(See ECF No. 86-1 at 21 n.4.)  Even assuming, without deciding, that the above-cited footnote constitutes dicta, this court is disinclined to ignore such a clear signal from the Ninth Circuit, especially when that signal is entirely consistent with this court's prior holding.

Therefore, the court declines to reconsider its prior conclusion that the United States' complaint is not barred by res judicata.

The United States' Purported Ongoing Discovery Abuses

On April 27, 2016, the court denied as untimely defendant's motion to compel the United States to produce documents and witnesses for deposition, or in the alternative, to impose discovery-related sanctions.  (ECF No. 75.)  That motion was filed on April 25, 2016, several weeks after the applicable March 31, 2016 discovery completion deadline.  (ECF Nos. 72, 75.)  In the instant motion, defendant requests dismissal of the action as a sanction for the United States' alleged discovery abuses.  Thus, defendant effectively seeks reconsideration of the court's April 27, 2016 order denying defendant's motion to compel and request for sanctions.  As discussed below, reconsideration is not warranted.

There is no question that the conduct of the former lead attorney for the United States, Gerald Role, with respect to discovery in this case was far from exemplary.  In a December 24, 2015 order, the court outlined in some detail Mr. Role's transgressions and ultimately imposed monetary sanctions.  (ECF No. 68.)  However, for the reasons discussed in detail in that same order, the court concluded that defendant had not been significantly prejudiced, if at all, by Mr. Role's transgressions.  (Id.)  Nevertheless, out of abundance of caution, and in light of the United States' prior dilatory conduct, the court granted defendant *only* a unilateral extension of the

5

1  discovery period until March 31, 2016, for the limited purpose of conducting any oral

2  depositions.  (Id.)

3       In his instant motion, defendant complains, as he did in his prior denied motion, that the

4  United States delayed and ultimately obstructed his ability to take the depositions he desired

5  during the unilateral extended discovery period.  As an initial matter, the court notes that the

6  correspondence attached to defendant's briefing casts significant doubt on the proposition that the

7  United States' new lead counsel, William Carl Hankla, was unduly obstructive, and instead

8  suggests that the United States may have had some legitimate concerns about the scope and

9  relevance of the discovery that defendant intended to pursue.  (See ECF No. 68 at 10 [granting

10  defendant leave to conduct "oral depositions he wishes to conduct in this matter consistent with

11  the Federal Rules of Civil Procedure."].)

12       However, the court need not address the merits of the parties' discovery dispute here.  As

13  the court noted in its prior April 27, 2016 order:

14
15       [D]efendant's motion, which was signed on April 19, 2016, and
        filed with the court on April 25, 2016, was brought multiple weeks
        after defendant's discovery completion deadline, and is thus plainly
16      untimely.  Upon issuance of the court's December 24, 2015 order,
        defendant should have acted promptly to issue his deposition
        notices and commence the supplemental discovery, building in
17      enough time to seek the court's assistance for any discovery
        dispute.  Even assuming, without deciding, that the United States
18      improperly resisted or delayed the scheduling or conduct of
        depositions, defendant should have brought it to the court's
19      attention well before the discovery completion deadline by an
        appropriate motion.
20

21  (ECF No. 75 at 2.)  The court further noted that defendant's "failure to manage that time well, or

22  to promptly seek the court's assistance in the face of alleged improper resistance by the United

23  States, provides no good cause to modify the scheduling order and further delay this case."  (Id.)

24  Defendant's present motion offers no new facts, information, or circumstances that could

25  plausibly change the court's analysis in that regard.[3]

26  _____

27  [3] Indeed, in a March 15, 2016 e-mail attached to defendant's present motion, defendant
    specifically stated that the parties were at an impasse, that court intervention was required, and
    that he was drafting a discovery motion.  (ECF No. 78 at 51.)  Nevertheless, despite the imminent
28  discovery completion deadline, defendant took no steps to obtain an order permitting a motion to

1    Defendant also argues that dismissal is warranted as a sanction for the United States'

2  failure to provide timely initial disclosures.  Again, defendant's argument is plainly untimely.  To

3  be sure, in its December 24, 2015 order granting defendant a limited unilateral extension of the

4  discovery completion deadline, the court previously observed:

> Defendant also asserts that the United States never served its initial
> disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1),
> which were due by January 15, 2015.  (ECF No. 32.)  It at least
> appears that the United States does not dispute that assertion.  (ECF
> No. 63 at 12.)  If true, the United States should certainly be
> prepared to address the reasons for, and potential effect of, such a
> violation in future proceedings, particularly in light of its negligent
> conduct in the litigation to date.  However, that matter is not
> properly before the court at present.

10  (ECF No. 68 at 8 n.4.)  However, despite that order issued in December 24, 2015, and defendant

11  having had plenty of time to formally present the issue to the court, defendant did not raise it until

12  long after the extended March 31, 2016 discovery completion deadline.

13    Even if the court were inclined to excuse the untimeliness of defendant's request,

14  dismissal, or any other form of dispositive-type sanctions, would not be appropriate under the

15  circumstances here.  On January 5, 2016, promptly after the admonition in the court's December

16  24, 2015 order, new lead counsel for the United States, Mr. Hankla, served the United States'

17  initial disclosures.  (ECF No. 82 at 4 n.3.)  Therefore, defendant had access to the United States'

18  initial disclosures at least two months prior to defendant's March 31, 2016 discovery completion

19  deadline.[4]  In any event, most of the documents and witnesses disclosed in the United States'

20  initial disclosures were also involved in defendant's criminal trial and thus well known to

21  defendant.

22    Consequently, the court declines to reconsider its April 27, 2016 order denying

23  defendant's motion to compel and request for discovery-related sanctions.  Discovery (including

24  any discovery-related motion practice) has closed and remains closed.

25  _____

compel to be heard on shortened time.  Instead, weeks later, he filed a tardy motion.

26

27  [4] Curiously, it appears that defendant himself failed to serve initial disclosures.  (ECF No. 82 at
4.)  While defendant's own conduct in no way excuses the United States' prior dilatory conduct in
this matter, for which it has already been sanctioned, it is somewhat disingenuous for defendant to

28  request the harsh sanction of dismissal for a rule he himself violated.

The United States' Pending Motion for Summary Judgment

The United States' motion for summary judgment remains pending for resolution and will be addressed by a separate order.  Nevertheless, the court notes that defendant has previously, in the context of requesting a stay of this civil action pending the outcome of his criminal appeal, stated:

> If Defendant loses on appeal, there will be no need for this Court to do anything other than grant summary judgment based on the convictions.  Why, then, should this Court be put through the inconvenience of managing and trying a case that could be resolved by way of the pending appeal?

(ECF No. 25 at 7-8.)  As noted above, on July 27, 2016, the Ninth Circuit affirmed defendant's jury convictions and sentence for criminal charges related to the tax liabilities at issue in this civil case, including tax evasion, concealment of property subject to a levy, and willful failure to file a tax return.  (See ECF No. 86-1.)  Therefore, without prejudging the matter, the court finds it appropriate, especially in light of defendant's own observations, to provide the parties with a brief period of time to pursue potential informal resolution of this matter.

Within fourteen (14) days of this order, the parties shall initiate meet-and-confer discussions to explore potential informal resolution of this matter.  Although the parties are free to also correspond by written means, or to confirm oral discussions by written communications, the initial meet-and-confer session, at a minimum, shall be in person or by telephone.  No later than September 15, 2016, the parties shall advise the court in a joint statement whether or not an informal resolution was reached.  Additionally, if the parties merely require a brief extension of time to finalize discussions and memorialize a settlement agreement, the parties shall so indicate.[5]

Although the court requires the parties to make good-faith efforts to explore a potential informal resolution of the case, nothing in this order should be construed as mandating a settlement.  If the parties are unable to resolve their dispute informally, the court will resolve the United States' pending motion for summary judgment.

---

[5] However, no further briefing regarding the merits of the United States' motion for summary judgment, or the case in general, will be permitted, unless specifically requested by the court. Any unauthorized filings will be summarily stricken.

CONCLUSION

Accordingly, defendant's motion for reconsideration of the court's prior orders, as discussed above, is DENIED.  This order resolves ECF No. 78.

No later than September 15, 2016, the parties, after exhausting the efforts to explore a potential settlement outlined above, shall advise the court whether or not the matter has settled.  If no settlement is reached, the court will resolve the United States' pending motion for summary judgment in due course.

IT IS SO ORDERED.

Dated:  August 9, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9