UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cv-02343-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| DONALD M. WANLAND, JR., | |
| Defendant. | |

Pro se defendant Donald Wanland was held liable for tax evasion, and this court granted judgment in favor of plaintiff the United States against Wanland for $1,065,493.30, plus any statutory interest. ECF Nos. 97, 98. Defendant now moves the court to reconsider this judgment under Federal Rule of Civil Procedure 59(e), or to set aside the judgment under Rule 60(b). Mot., ECF No. 99. The motion was submitted without oral argument. ECF No. 105. For reasons explained below, the court GRANTS defendant's motion in part, and DENIES defendant's motion in part.

I. BACKGROUND

The United States commenced this civil action against defendant, seeking a determination under 11 U.S.C. § 523(a)(1)(C) that assessments for defendant's federal tax liabilities for tax years 1996, 1997, 1998, 2000, 2001, 2002 and 2003 were not discharged in

1

bankruptcy. *See generally* Compl. ECF No. 1. The United States also sought to reduce the tax assessments to judgment. *Id.* After this court adopted findings and recommendations and denied defendant's motion to dismiss, ECF No. 27, plaintiff filed a motion for summary judgment, Mot. Summ. J. (MSJ), ECF No. 76. On December 5, 2016, the magistrate judge filed findings and recommendations recommending this court grant plaintiff's motion for summary judgment. Findings and Recommendations (F&R), ECF No. 90. This court adopted the findings and recommendations on March 28, 2017, ordered defendant to pay the United States "$1,065,493.30," and closed the case. ECF No. 97. On April 25, 2017, defendant moved for reconsideration of the court's decision, and alternatively, to amend the judgment. Mot. The United States opposed. Opp'n, ECF No. 102. Defendant replied. ECF No. 104.

II. DISCUSSION

    A. Legal Standards

Defendant moves for reconsideration under Rule 59(e), or in the alternative to vacate judgment under Rules 60(b)(1) and 60(b)(4). Mot. at 4, 19, 20.

        1, Rule 59(e)

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona*, 229 F.3d at 890.

        2. Rule 60(b)

Under Rule 60(b), the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, defendant requests relief from judgment due to "excusable neglect," Mot. at 19 (citing Rule 60(b)(1)), and because he says the judgment is void, Mot. at 20 (citing Rule 60(b)(4)).

In assessing "excusable neglect" under Rule 60(b)(1), the court must apply a four-factor equitable test, examining: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions)). This assessment is known as the "*Pioneer/Briones* equitable balancing test." *Id.* Courts engaged "in balancing the *Pioneer/Briones* factors may not apply per se rules." *See id.* (district court crafted an "impermissabl[e] . . . per se rule" in concluding, without analysis, that "a calendaring mistake is the type of 'inadvertent mistake' that is not entitled to relief pursuant to Rule 60(b)(1).").

As Rule 60(b)(4) suggests, a court may relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* Such infirmities are extremely rare, as they must be premised on "a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir.

2015). Judgments are generally considered void for jurisdictional defects only when "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Whitsitt v. City of Tracy*, No.10–00528, 2016 WL 1357566, at *4 (E.D. Cal. Apr. 6, 2016) (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). With these standards in mind, the court assesses defendant's contentions below.

B. Rule 59(e) Arguments

Defendant raises three arguments for relief under Rule 59(e): (1) the magistrate judge committed "clear error" in denying defendant an opportunity to present oral argument at summary judgment, Mot. at 4; (2) the magistrate judge committed "clear error" in incorrectly applying the doctrine of offensive collateral estoppel, *id.* at 5; and (3) the magistrate judge committed "clear error" in denying his request to stay proceedings pending the outcome of the criminal case and to allow for additional discovery, *id.* 15–17. The latter point in effect argues this court committed error as well, in adopting the findings and recommendations.

In response to the first argument, plaintiff contends no oral argument is required. Opp'n at 3. In response to arguments two and three, plaintiff contends because the magistrate judge rejected these arguments "at least once already in the course of this action," there is "no good reason to revisit them now." Opp'n at 4. Before considering the merits of defendant's argument, a discussion of "clear error" is warranted.

1. Clear Error

"Clear error" occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). However, a district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (district court did not abuse discretion in denying reconsideration where it was debatable whether court could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file). The Ninth Circuit has held it is not an abuse of discretion to deny a motion for reconsideration merely because the

4

underlying order is "erroneous," rather than "clearly erroneous." *Id.* at 1255 n.4. To obtain relief here, defendant must convince this court, beyond debate, that a mistake "has been committed."

### 2. Oral Argument

A district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing a motion for summary judgment unless the motion is denied. *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir. 1964). However, an opportunity to be heard orally on questions of law "is not an inherent element of procedural due process, even where substantial questions of law are involved." *Id.* at 462 n.14; *accord Burchett v. Cardwell*, 493 F.2d 492, 495 (9th Cir. 1974) (referencing *Dredge* in habeas context). In any event, "the right of oral argument as a matter of procedural due process . . . varies from case to case in accordance with differing circumstances." *Dredge Corp.*, 338 F.2d at 462 n.14.

Here, in opposing plaintiff's motion for summary judgment, defendant requested oral argument. *See* MSJ Opp'n at 9, ECF No. 83. The magistrate judge, however, submitted the motion without oral argument. *See* F&R 1 n.2. In moving for summary judgment, plaintiff requested the court make a determination, under 11 U.S.C. § 523(a)(1)(C), of assessments of defendant's tax liabilities for several tax years not discharged in bankruptcy, specifically 1996, 1997, 1998, 2000, 2001, 2002 and 2003. *Id.* at 2; MSJ at 2. Plaintiff also sought to reduce the tax assessments to judgment. F&R at 2; MSJ at 2. Plaintiffs' claims were inherently legal in nature and resolution required little to no assessment of whether material facts were disputed. *See* F&R at 10 (magistrate judge assessing "whether a particular exception to the general discharge applies" (citing 11 U.S.C. § 523(a)(1)(C)). Where the magistrate judge did make factual determinations, he reported that "defendant has not produced any controverting evidence," and "the record before the court reveal[ed] no genuine dispute" regarding defendant's tax liability. F&R at 13. While the court addresses the reliance on absence of controverting evidence below in its analysis of the Rule 60(b) motion, defendant has not shown any prejudice flowing from the court's denial of oral argument; no oral argument was warranted because it would not have made a difference. *See Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (no oral

argument warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support of their respective positions," and "[t]he only prejudice [defendants] contend they suffered was the district court's adverse ruling on the motion."); *Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984) (relief from denial of oral argument unwarranted absent a showing of prejudice). Defendant's first argument does not afford relief.

### 3. Offensive Collateral Estoppel

"[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979); *accord Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). Offensive collateral estoppel may be used when: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action. *Pena*, 976 F.2d at 472 (citing CHARLES A. WRIGHT, LAW OF FEDERAL COURTS 682–85 (4th ed. 1983); *Parklane Hosiery*, 439 U.S. at 329)).

Here, plaintiff's civil case alleged defendant attempted to evade taxes for the years 1996 to 1998 and 2000 to 2003. MSJ at 2; *see* Compl. at 2. The criminal proceedings brought against defendant, however, pursued only charges for attempting to evade taxes for years 2000 to 2003. *See* Superseding Indictment 1, ECF No. 57-16; *but see* ECF No. 67-1 at 22 (tax levy specifically referenced in indictment detailing tax years 1996, 1997, 1998, and 2000 to 2003). In light of this tactical difference in pleading as opposed to charging, the magistrate judge explicitly declined to reach the merits of the collateral estoppel issue and assumed without deciding the doctrine of offensive collateral estoppel could not be applied with respect to the 1996 to 1998 taxes. F&R at 13. Instead, he relied on the evidence in the record, concluding there was "no genuine dispute that defendant also willfully attempted to evade or defeat payment of his 1996– 1998 taxes." *Id.* Accordingly, that plaintiff did not provide the requisite showing for offensive collateral estoppel to apply for years 1996 to 1998 was of no import; the magistrate judge granted

6

plaintiff's motion for alternative reasons, namely, that there was "no genuine dispute that defendant also willfully attempted to evade or defeat payment of his 1996–1998 taxes." *Id.* Defendant's second argument does not warrant relief.

### 4. Request to Stay Proceedings

Defendant also contends the magistrate judge committed "clear error" in denying a request for stay (1) pending the outcome of his criminal appeal, and (2) to allow for additional discovery. Mot. at 15–17.

Regarding the first argument, defendant contends the magistrate judge should have held off pending full completion of the criminal case, including awaiting resolution of any petition for certiorari to the Supreme Court. *Id.* at 16. In December 2016, the magistrate judge rejected defendant's request for a stay after the Ninth Circuit earlier in the year had "affirmed the judgment in defendant's criminal case in all respects," denied defendant's petitions for panel rehearing and rehearing *en banc,* and issued its mandate. F&R at 5; *see also United States v. Donald M. Wanland, Jr.*, Case No. 2:09-cr-8-LKK, ECF Nos. 263, 266, 301–03, 335–37 (mandate issued October 25, 2016). In other words, the magistrate judge awaited full resolution in the Ninth Circuit before rejecting defendant's request to stay.

Declining a stay to await a Supreme Court ruling, if a ruling is available, is not "clear error." On the contrary, the Ninth Circuit has held "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Defendant's first argument regarding a stay is unavailing.

Defendant's second argument also fails. Defendant contends he needed additional discovery to make up for plaintiff's "manifest discovery abuses." Mot. at 17. Plaintiff was sanctioned for its failure to adhere to its discovery obligations, and defendant was granted a limited discovery extension. F&R at 5; *see* ECF No. 68 (magistrate judge ordered plaintiff's counsel to pay a monetary fine for discovery abuses). Defendant had not shown he was ultimately prejudiced by the United States' discovery misconduct in light of the relief he

7

obtained, so even further discovery was not warranted.  F&R at 5; *see generally* Mot.  His second argument regarding a stay does not provide a basis for relief.

          5.     Summary

Defendant has not shown any of his Rule 59(e) contentions warrant relief.  Accordingly, the court proceeds to his arguments based on Rule 60(b).

    C.     Rule 60(b) Arguments

Defendant raises two arguments for relief under Rule 60(b): (1) his conduct qualifies as "excusable neglect" because pending criminal proceedings precluded him from raising a material dispute of fact in opposition to plaintiff's motion for summary judgment, Mot. at 19 (citing Rule 60(b)(1)); and (2) the magistrate judge's findings and recommendations were void upon issuance because the court lacked jurisdiction over plaintiff's claims, Mot. at 20–21 (citing Rule 60(b)(4)).  In response to the first argument, plaintiff contends defendant's inability to raise a triable issue of fact was attributed to a "strategic choice to withhold testimony," and thus does not fall within the ambit of "excusable neglect."  Opp'n at 4–5.  Regarding the second argument, plaintiff relies on the magistrate judge's findings and recommendations, *see* Opp'n at 6 (citing F&R at 5–8), as discussed in more detail below.

          1.     Excusable Neglect

A brief explanation of defendant's contention in this regard is warranted.  Defendant concedes he failed to raise a material dispute of fact regarding plaintiff's claim that he attempted to evade taxes for the years 1996 to 1998.  Mot. at 20.  He argues, however, because of pending criminal proceedings against him for tax evasion, he could not adequately oppose plaintiff's motion for summary judgment without compromising his Fifth Amendment privilege against self-incrimination.  *Id.*  As noted above, the court assesses defendant's claim under the "*Pioneer/Briones* equitable balancing test," evaluating "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Ahanchian*, 624 F.3d at 1261.

a) <u>Reason for Delay</u>

For logical flow, the court assesses the third *Pioneer/Briones* factor first. This prong considers defendant's excuse for his failure to "file [needed information] on time," and assesses the excuse for reasonableness. *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) ("simply miscalculat[ing] the date for a [notice of appeal]" and filing one day late was "excusable negligence."). Defendant contends he could not present opposing evidence without compromising his Fifth Amendment right against self-incrimination. Mot. at 19–20. He presented this argument on several occasions throughout the case, including in his motion to dismiss plaintiff's complaint, ECF No. 17 at 6, objections to the magistrate judge's findings and recommendations to deny his motion to dismiss, ECF No. 25 at 3, his opposition to plaintiff's motion for summary judgment, *see* MSJ Opp'n at 37, objections to the magistrate judge's findings and recommendations to grant plaintiff's motion for summary judgment, ECF No. 93 at 4, and the instant motion to vacate the judgment, Mot. at 4. In this motion, he contends the magistrate judge's grant of summary judgment for plaintiff erroneously overlooked potential disputes of fact. *Id.*

The Fifth Amendment privilege against self-incrimination can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory, in which a person reasonably believes the information sought, or discoverable as a result of his testimony, could be used in a state or federal criminal proceeding. *United States v. Balsys*, 524 U.S. 666, 672 (1998) (citing *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972)). The privilege reflects a "complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty." *Kastigar*, 406 U.S. at 444–45. Federal courts have been "zealous to safeguard the values which underlie the privilege," and thus should carefully consider a person's inability to produce testimony when such inability is linked to a reasonable fear of prosecution. *Id.*

Here, plaintiff filed its motion for summary judgment on May 2, 2016. MSJ. Under the court's briefing deadlines, opposition briefs were due June 16, 2016, with reply briefs due July 14, 2016. ECF No. 68. In compliance with court deadlines, defendant filed his

9

opposition on June 16, 2016. MSJ Opp'n. At the time, defendant was still mired in criminal proceedings; defendant was convicted on September 26, 2013, Case No. 2:09-cr-8-LKK, ECF No. 263, the Ninth Circuit would not affirm judgment in his criminal case until July 27, 2016, and defendant's subsequent request for panel rehearing and rehearing *en banc* would not be denied until October 14, 2016, several months after his opposition was due. In light of the pending appeal, defendant had reason to believe what he said in the civil proceeding could be used against him in the pending criminal proceeding and he raised this issue before the magistrate judge on several occasions. *See* ECF Nos. 17 at 6, 25 at 3; *see also* ECF No. 83 at 37 ("Defendant is faced with the Hobbesian Choice of waiving his Fifth Amendment privilege now to present admissible evidence to contradict the government's evidence in regard to the alleged assessments or maintain the privilege and decline to present his rebuttal declaration on the merits."). That his case was on appeal before the Ninth Circuit following conviction did not make his fear of prosecution any less reasonable. *See e.g.*, *United States v. Duchi*, 944 F.2d 391, 394 (8th Cir. 1991) ("Government may not convict a person and then, pending his appeal, compel him to give self-accusatory testimony relating to the matters involved in the conviction") (citing *Frank v. United States,* 347 F.2d 486, 441 (D.C.Cir. 1965)); *Taylor v. Best*, 746 F.2d 220, 222 (4th Cir. 1984) ("[I]t is possible that post-conviction incriminating evidence could be used against an inmate who had been convicted and sentenced but whose conviction was being appealed."); *Mills v. United States*, 281 F.2d 736, 741 (4th Cir. 1960) ("Witness could not be compelled to testify where "at the time of these proceedings in the case at bar, the period within which [witness] could prosecute an appeal of her own conviction had not expired."); *see also* MCCORMICK ON EVID. § 121 (7th ed. 2016) ("If direct appeal from a conviction is pending or remains available, a convicted defendant might, despite his conviction, harbor hope that his conviction will be reversed on appeal and that any disclosures he makes would be used to incriminate him upon any retrial that follows. Because of this possibility, the courts have generally held that a convicted defendant retains the protection of the privilege until appeal is exhausted or until the time for appeal expires."). This factor favors granting relief.

b) <u>Length of Delay and Potential Impact on the Judgment</u>

This second factor considers whether relief would amount to a "disruption to efficient judicial administration posed by the late filings." *Pioneer Inv. Servs. Co.*, 507 U.S. at 397. "Late filings" include those made after entry of judgment. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997). The reason for defendant's late filing is uncontested: there was a pending criminal appeal reasonably precluding him from presenting an adequate defense in the civil proceeding. Within a month of the Supreme Court's denying a writ of certiorari, defendant promptly filed a motion to amend the judgment, thereby lessening the chance of disruption to efficient judicial administration. *See Briones*, 116 F.3d at 382 (Under Rule 60(b)(1), filing opposition to motion for summary judgment three and one-half months after deadline could constitute excusable neglect). This factor favors granting relief.

c) <u>Danger of Prejudice</u>

This first factor considers the potential prejudice to plaintiff if the court grants defendant's request for relief. *Pioneer Inv. Servs. Co.*, 507 U.S. at 397; *Ryan*, 833 F.3d at 1098. Here, the court finds the danger of prejudice to be insubstantial. Plaintiff and the court have been on notice of defendant's desire to challenge the civil case on its merits once criminal proceedings ended. Indeed, as noted above, throughout the civil case, defendant repeatedly contended he could not produce evidence in opposition to plaintiff's claims until his reasonable fear of criminal prosecution abated. *See* MSJ Opp'n at 8; Obj. to MSJ F&R at 4, ECF No. 93. Plaintiff will not be prejudiced if its claim is assessed on the merits, particularly given the court's strong tradition of favoring such resolution. *See Ryan*, 833 F.3d at 1098 (Rule 60(b)(4) relief warranted where state had been on notice of opposing party's contentions, even if untimely filed); *see also Andrews v. PRIDE Indus.*, No.14–02154, 2017 WL 119803, at *7 (E.D. Cal. Jan. 12, 2017) (In absence of opposition to defendant's motion for summary judgment on plaintiff's federal and state civil rights claims, the court takes "care to consider the merits."). This factor favors granting relief.

          d)       Good Faith

No one contends defendant did not move to vacate the judgment in good faith, and the record does not otherwise make any such showing. This factor favors granting relief.

          e)       Summary

On balance, the court finds defendant's failure to present evidence in opposition to plaintiff's motion for summary judgment falls under the rubric of "excusable neglect." Accordingly, the court vacates the judgment in this case under Rule 60(b)(4) and remands the matter to the magistrate judge to reassess plaintiff's motion for summary judgment, taking into consideration defendant's declaration filed after his criminal proceedings were finally resolved. The magistrate judge in his discretion may of course set a new briefing schedule or schedule any proceedings he deems necessary to resolve the matter in light of this order.

    2.       Judgment Void

Defendant also contends this court lacks jurisdiction over this matter because: (1) the action was not properly authorized; and (2) defendant's prior bankruptcy proceeding precluded this case under the doctrine of res judicata. Mot. at 20–21.

Defendant's first contention is belied by the record; official letters attached to the December 18, 2015 declaration of W. Carl Hankla, counsel for the United States, demonstrate the action was authorized by appropriate delegates of the Secretary of the Treasury and the Attorney General of the United States. ECF No. 67, Exs. 1, 2; *Palmer v. United States Internal Revenue Service*, 116 F.3d 1309, 1311 (9th Cir. 1997) ("The government has produced redacted copies of two letters, which taken together, show that the government complied with these statutory requirements" that "civil actions for the collection of taxes and enforcement of liens be instituted at the direction of delegates of the Attorney General and the Secretary of the Treasury."). Defendant's second contention is similarly unavailing. His bankruptcy discharge, authorized under 11 U.S.C. § 727, "did not discharge an individual debtor from any debt—for a tax . . . with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax . . ." under 11 U.S.C. § 523(a)(1)(C), the statute undergirding plaintiff's civil claim. *See* Compl. at 6 (requesting that "the Court find, determine, and adjudge that,

pursuant to 11 U.S.C. § 523(a)(1)(C), Wanland's tax debts are excepted from discharge in his Chapter 7 bankruptcy case because Wanland willfully attempted to evade or defeat payment of such tax."). The court does not grant relief based on voidness.

III. SUMMARY AND CONCLUSION

The court DENIES defendant's motion for relief under Rules 59(e) and 60(b)(4). The court, however, GRANTS relief under Rule 60(b)(1). The case is REOPENED, this court's order adopting the magistrate judge's findings and recommendations is hereby VACATED, and proceedings on summary judgment are REMANDED to the magistrate judge for reconsideration in light of defendant's declaration filed at ECF No. 99.

This Order resolves ECF No. 99.

IT IS SO ORDERED.

DATED: August 28, 2017.

UNITED STATES DISTRICT JUDGE