UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cv-2343-KJM-KJN PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DONALD M. WANLAND, JR., | |
| Defendant. | |

On December 5, 2016, the undersigned issued findings and recommendations recommending that the United States' renewed motion for summary judgment be granted, and that judgment be entered in favor of the United States and against defendant in the amount of $1,065,493.30, plus any statutory interest accruing after May 1, 2016, until paid in full. (ECF No. 90.) The assigned district judge ultimately adopted those findings and recommendations, and entered judgment, on March 28, 2017. (ECF Nos. 97, 98.)

Subsequently, on April 25, 2017, defendant filed a motion to reconsider the judgment under Federal Rule of Civil Procedure 59(e), or to set aside the judgment under Rule 60(b). (ECF No. 99.) Thereafter, on August 29, 2017, the district judge partially granted defendant's motion to the extent it sought relief pursuant to Rule 60(b)(1), reopened the case, vacated her order adopting the undersigned's findings and recommendations, and remanded the proceedings on summary judgment to the undersigned for reconsideration in light of defendant's declaration filed

1

at ECF No. 99. (ECF No. 106.)

On August 31, 2017, the undersigned issued an order requiring the United States to file a response to defendant's declaration filed at ECF No. 99, specifically addressing whether, in light of the declaration, the entry of summary judgment with respect to the tax years 1996-1998 remains appropriate. (ECF No. 108.) On September 14, 2017, the United States filed its response. (ECF Nos. 109, 110.)

After carefully considering the court's record, including the briefing associated with defendant's motion to reconsider or set aside the judgment, defendant's declaration filed at ECF No. 99, and the United States' response to that declaration (ECF Nos. 99, 102, 104, 106, 109, 110), the court finds it appropriate to RE-ISSUE its findings and recommendations originally filed on December 5, 2016, at ECF No. 90, except that the portion of the original findings and recommendations from page 12, line 19 through page 13, line 6 is DELETED, and REPLACED with the following text:

> The issue of whether offensive collateral estoppel applies to defendant's 1996-1998 tax liabilities is a closer question, because the criminal charge for tax evasion in count one of the superseding indictment, on its face, only appears to have charged defendant with respect to his 2000-2003 tax liabilities. However, as the United States has shown, the IRS was actually attempting to collect all of defendant's tax liabilities simultaneously by virtue of an April 14, 2005 Notice of Levy, which pertained to defendant's tax liabilities for 1996-1998 and 2000-2003. (See ECF No. 67-1, Ex. 18.) That levy was the same levy that defendant was charged and convicted with defying in the tax evasion charge, as well as the vast majority of the removal, deposit, and concealment of property subject to levy charges in the superseding indictment. (ECF No. 57, Exs. Q, R.) Because the jury found that defendant had defied that levy, and the levy covered 1996-1998 and 2000-2003, the court is persuaded that offensive collateral estoppel also applies to defendant's 1996-1998 tax liabilities.
>
> In light of that conclusion, it is unnecessary to consider any other evidence offered by the United States in support of its motion for summary judgment, nor can defendant's declaration at ECF No. 99 be used to defeat summary judgment. Indeed, that declaration reveals that, even if he could, defendant is not attempting to raise any factual issue specific to the 1996-1998 tax years; he is again claiming, as he did in the criminal case, that he did not actually defy the tax levy with respect to any tax period. That contention is plainly foreclosed by his criminal convictions.

////

The amended findings and recommendations, consistent with the modification outlined above, are issued contemporaneously with this order.

The court also DENIES defendant's request for further supplemental briefing. Because the court recommends a grant of summary judgment solely based on offensive collateral estoppel, which has been extensively briefed and argued by the parties, and not on any of the new evidence submitted by the United States, the court finds further supplemental briefing to be unnecessary.

IT IS SO ORDERED.

This order resolves ECF No. 115.

Dated: September 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE