UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cv-02343-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| DONALD M. WANLAND, JR., | |
| Defendant. | |

On September 26, 2013, in criminal case 2:09-cr-0008-LKK, a jury in this district found Donald Wanland guilty of twenty-eight counts of tax-related offenses. *See* ECF No. 90 at 2 (citing *United States of America v. Donald M. Wanland, Jr.*, 2:09-cr-8-LKK, ECF Nos. 263, 266, 301–03, 335–37). In this related civil action, the United States sought a determination that defendant's federal tax liabilities for certain tax years were not discharged in bankruptcy and also sought to reduce the tax assessments to judgment. *See* Compl., ECF No. 1. This court granted summary judgment for the United States and entered judgment against Wanland for $1,065,493.30, plus any statutory interest. *See* ECF Nos. 121, 122. Defendant Wanland has now filed his second motion to alter or amend the judgment, under Rule 59(e), or vacate the judgment under Rule 60(b), in this case. For the reasons explained below, the court GRANTS defendant's motion in part, under Rule 59(e).

I.     BACKGROUND

The United States commenced this civil action against defendant, seeking a determination under 11 U.S.C. § 523(a)(1)(C) that assessments for defendant's federal tax liabilities for tax years 1996 to 1998 and 2000 to 2003 were not discharged in bankruptcy. *See* Compl. ¶¶ 11, 19. The United States also sought to reduce the tax assessments to judgment. *Id.* at 5–6. After the court adopted the magistrate judge's findings and recommendations and denied defendant's motion to dismiss, ECF No. 27, the United States filed a motion for summary judgment, ECF No. 76. On December 5, 2016, the magistrate judge filed findings and recommendations recommending this court grant the United States' motion for summary judgment. ECF No. 90 (referring to motion as "renewed motion for summary judgment," because the motion had previously been stayed pending ultimately unsuccessful settlement negotiations). On March 28, 2017, this court adopted the findings and recommendations, ordered defendant to pay the United States "$1,065,493.30, plus any statutory interest accruing after May 1, 2016," and closed the case. ECF No. 97. On April 25, 2017, defendant moved to amend, alter, or vacate this judgment under Rules 59(e) and 60(b)(1) and (4). First Mot. to Amend ("First Mot."), ECF No. 99. The court granted the motion in part and denied it in part, and referred the United States' motion for summary judgment back to the magistrate judge for reconsideration in light of defendant's previously unconsidered declaration in opposition. Order on First Mot. to Amend ("Order on First Mot."), ECF No. 106.

The magistrate judge then directed the United States to respond to defendant's declaration, specifically to address whether summary judgment remained appropriate with respect to tax years 1996 to 1998, ECF No. 108, and the United States submitted its response, ECF No. 109. The magistrate judge submitted the motion without oral argument. ECF No. 108. Defendant requested supplemental briefing, ECF No. 115, which the magistrate judge denied contemporaneously with the issuance of his amended findings and recommendations. ECF No. 118 at 3. The amended findings and recommendations again recommended granting the United States' summary judgment motion. *Id.* at 2 (re-issuing original findings and recommendations with certain amendments). Defendant filed objections to the findings and recommendations, ECF

No. 119, and the United States responded to the objections, ECF No. 120.  The court adopted the amended findings and recommendations in full and granted the United States' renewed motion for summary judgment.  Order Adopting Am. Findings, ECF No. 121.

Defendant has again filed a motion to amend, alter or vacate the judgment. Second Mot. to Am. ("Mot."), ECF No. 123.  The United States opposes, Opp'n, ECF No. 126, and defendant has replied, Reply, ECF No. 127.  The court submitted the motion without oral argument, ECF No. 125, and resolves it here.

II.      RULE 59(e) ARGUMENTS

   A.     Legal Standard

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *Kona*, 229 F.3d at 890.

   B.     Discussion

Defendant raises several arguments for relief under Rule 59(e): (1) the magistrate judge denied defendant due process by not allowing him to present oral argument before the judge issued the amended findings and recommendations, Mot. at 4;[1] (2) the magistrate judge denied defendant due process by not allowing him to submit supplemental briefing on his declaration in opposition to the United States' motion for summary judgment, *id.* at 6–7; (3) the court committed clear error by applying the improper legal standard on summary judgment, *id.* at 5–6; (4) the court committed clear error in incorrectly applying the doctrine of offensive collateral

---

[1] Citations to page numbers refer to ECF pagination, not the document's internal pagination.

3

1   estoppel, *id.* at 8–13; (5) the court committed clear error by granting summary judgment on the
2   basis of the United States' insufficient evidence, despite triable issues of fact regarding amounts
3   claimed, *id.* at 13–19; and (6) the court committed clear error by denying defendant's request to
4   stay proceedings pending the outcome of the criminal case and to allow for additional discovery,
5   *id.* at 20–23.

6   In response to defendant's first argument, the United States contends the court
7   already decided defendant was not entitled to oral argument in the context of an earlier motion,
8   Opp'n at 7 (citing Order on First Mot. at 5), and defendant has not shown prejudice, *id.*
9   Regarding defendant's second argument, the United States argues the denial of supplemental
10  briefing was within the magistrate judge's "sound discretion." *Id.* (citing *S.E.C. v. Seaboard*
11  *Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) ("[A]cceptance or rejection of argumentative briefs,
12  memoranda, and other supplementary material is within the sound discretion of the court.")).  As
13  to defendant's remaining arguments, the United States argues the court already rejected them in
14  its order resolving the first motion to amend, and defendant has not raised any new reason why
15  the court's decision should be reconsidered now. *Id.* at 4, 6 (citing Order on First Mot.).  In
16  addressing each of defendant's arguments for reconsideration, the court applies the standard for
17  "clear error," as set forth in its prior order. *See* Order on First Mot. at 4–5 ("'Clear error' occurs
18  when 'the reviewing court on the entire record is left with the definite and firm conviction that a
19  mistake has been committed.'" (quoting *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th
20  Cir. 2013))); *see also McDowell*, 197 F.3d at 1255 n.4 ("[A] refusal to reconsider is [not] an
21  abuse of discretion merely because the underlying order is 'erroneous,' rather than 'clearly
22  erroneous.'").

23          1.      Due Process Arguments
24                  a.      Denial of Oral Argument

25  As the United States argues, the court previously found defendant was not entitled
26  to oral argument in opposition to the United States' motion for summary judgment.  Order on
27  First Mot. at 5–6.  The court explained in that order that an opportunity to be heard orally on
28  questions of law "is not an inherent element of procedural due process, even where substantial

questions of law are involved." *Id.* (quoting *Dredge Corp. v. Penny*, 338 F.2d 456, 462 n.14 (9th Cir. 1964); *see also Burchett v. Cardwell*, 493 F.2d 492, 494–95 (9th Cir. 1974) (same). Regardless, "the right of oral argument as a matter of procedural due process . . . varies from case to case in accordance with differing circumstances." *Dredge Corp.*, 338 F.2d at 462 n.14.

In this motion, defendant argues he was again denied due process, because the amended findings and recommendations were issued without the chance to make oral argument, "[d]espite Defendant's previous requests for oral argument on the [motion for summary judgment]." Mot. at 4; *see also* Def.'s Opp'n to Renewed Mot. for Summ. J., ECF No. 83, at 9 (requesting oral argument on the original motion for summary judgment). More specifically, defendant challenges the magistrate judge's latest decision to issue his findings and recommendations without allowing for oral argument on the renewed motion for summary judgment after the first summary judgment motion was vacated. *See* Mot. at 4. For the same reasons the court rejected this argument in resolving defendant's first motion to amend, it rejects it here as well. *See* Order on First Mot. at 5–6 (finding United States' claims were inherently legal in nature with no oral argument required); *cf. Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200–01 (9th Cir. 1999) (no oral argument warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support of their respective positions," and "[t]he only prejudice [defendants] contend they suffered was the district court's adverse ruling on the motion").

Moreover, defendant has not shown any prejudice flowing from the court's second denial. *See Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984) (holding relief from oral argument denial unwarranted absent showing of prejudice). The Ninth Circuit clarified what constitutes prejudice flowing from the denial of oral argument in *Jasinski v. Showboat Operating Co.*, 644 F.2d 1277 (9th Cir. 1981). There, the court observed, "We cannot know what effect oral argument would have had upon the district court, or what new arguments and emphases might have emerged from the colloquy between court and counsel . . . ." *Id.* at 1281. At the same time, the court found appellant had suffered prejudice because the district court had "expressed its uncertainty" about the proper interpretation of the relevant statute, and "[t]he district court's

5

struggle with a close and critical question, evident on the face of the court's opinion is enough to establish prejudice to the losing party." *Id.* 1280–91.  By contrast, an adverse ruling alone is generally not sufficient evidence of prejudice.  *See Augustine v. FIA Card Servs.*, N.A., No. 2:06-CV-2013-GEB-EFB, 2007 WL 2492679, at *2 (E.D. Cal. Aug. 30, 2007) ("If mere dismissal of a case were sufficient prejudice to warrant a motion for reconsideration, then every dismissal granted without oral argument would be subject to a motion for reconsideration.").

        Here, neither the magistrate judge nor the undersigned expressed doubt regarding any aspect of the case, with the exception of whether offensive collateral estoppel applies to defendant's 1996 to 1998 tax liabilities.  In his discussion of this issue, the magistrate judge explained it was a "closer question."  Amended Findings and Recommendations ("Am. Findings"), ECF No. 117, at 12.  However, in the court's order adopting the amended findings and recommendations, the court conducted its own *de novo* review of the case and defendant's objections, in which defendant again argued that the magistrate should have allowed him oral argument.  *See* Objs., ECF No. 119, at 8.  The court found the recommendations were supported by the record and proper analysis.  Order Adopting Am. Findings, ECF No. 121 (adopting findings and recommendations without writing separately).  Even if oral argument could have potentially swayed the magistrate judge on this issue, in adopting the findings and recommendations the undersigned did not express any "uncertainty."  Therefore, this case is unlike *Jasinski v. Showboat Operating Co*, and defendant has not met his burden of showing prejudice from the denial of oral argument.

        The latter conclusion is further bolstered by the fact defendant did not renew his request for oral argument after his first motion to amend was granted in part and the magistrate judge reconsidered the motion for summary judgment in light of defendant's declaration in opposition.[2]  *See* Order on First Mot.  Defendant instead filed a request for supplemental briefing

---

[2] Defendant last affirmatively requested oral argument in his opposition to the government's renewed motion for summary judgment, *see* ECF No. 83 at 9, and again in his reply in support of his first motion to amend, *see* ECF No. 104 at 13 (including in his request "[o]ral argument . . . shall be allowed . . . .").

6

1  after the remand, but he did not request oral argument, suggesting defendant himself did not
2  consider it necessary.  *See* Req. for Suppl. Briefing, ECF No. 115.

3          For these reasons, defendant's first argument is unavailing.

4          b.        <u>Denial of Supplementary Briefing</u>

5          As noted, after the court referred the summary judgment motion back to the
6  magistrate judge to consider defendant's declaration in opposition, the magistrate judge directed
7  the United States to respond to defendant's declaration, on the narrow issue of whether "the entry
8  of summary judgment with respect to the tax years 1996–1998 remains appropriate." ECF No.
9  108 at 1. Defendant requested supplemental briefing "regarding his Declaration." Req. for
10 Suppl. Briefing.  The magistrate judge denied the request, saying, "[b]ecause the court
11 recommends a grant of summary judgment solely based on offensive collateral estoppel, which
12 has been extensively briefed and argued by the parties, and not on any of the new evidence
13 submitted by the United States, the court finds further supplemental briefing to be unnecessary."
14 ECF No. 118 at 3. Defendant argues the magistrate judge committed clear error in denying the
15 defendant's request for supplemental briefing.  Second Mot. at 6–7.

16         The magistrate judge's conclusion and the undersigned's adoption of his
17 recommendations were not clearly erroneous.  Defendant initially was afforded an opportunity to
18 oppose the renewed summary judgment motion, and he did so, though without relying on his own
19 testimony as evidence. *See* Def.'s Opp'n to Renewed Mot. for Summ. J. (opposing United States'
20 motion for summary judgment).[3] When the magistrate judge recommended granting summary
21 judgment, defendant was afforded extra time to file objections, ECF No. 92 and he did so, ECF
22 No. 93. Once summary judgment was granted and judgment entered, ECF Nos. 97–98,
23 defendant moved to amend that judgment. *See generally* First Mot. There, defendant argued he
24 was denied due process because he "could not present opposing evidence without compromising
25 his Fifth Amendment right against self-incrimination" at the time of summary judgment briefing;

---

[3] As noted above, the parties refer to this motion for summary judgment as a "renewed motion for summary judgment," because the motion was previously stayed pending ultimately unsuccessful settlement negotiations. *See* ECF No. 87.

he attached a declaration to the motion to amend containing this opposing evidence, in light of the fact his criminal case had concluded. Order on First Mot. at 9; *see also* First Mot. at 19–20; Wanland Decl. in Opp'n to Summary J., ECF No. 99, at 26–27. It was at this point the court afforded him the requested relief and remanded the case back to the magistrate judge to consider defendant's declaration. *See* Order on First Mot.

Even with the record supplemented, having unsuccessfully opposed summary judgment once again, defendant now argues he was denied due process by not being permitted to file additional briefing to explain the "significance" of his declaration. Mot. at 7. This argument is unavailing for two reasons. First, defendant does not explain what arguments he would have been able to make in supplemental briefing that he was not able to raise in his opposition brief, and therefore has not shown how the denial was prejudicial. Second, defendant has had ample opportunity to explain the significance of the declaration both to the magistrate judge and to this court. Defendant did, in fact, explain the significance of his declaration in his first motion to amend:

> [The] declaration establishes that Defendant did not willfully attempt to evade 1996–1998 taxes. This evidence creates further triable issue [sic] in regard to application of the offensive collateral estoppel.
>
> The Findings also stated that Defendant had failed to present evidence of his lack of receipt of demands for payment by the IRS. Findings (ECF No. 90) 15:14–17. However, Defendant's new declaration below, in paragraph 3, provides that missing evidence which raises additional triable issues concerning proper notices by the IRS. Defendant's declaration also raises further triable issues, overlooked in the Findings, that Defendant did not receive notices of claimed tax deficiencies. *Id.*

First Mot. at 20. Defendant then explained the declaration's significance for a second time in his objections to the amended findings and recommendations, arguing, for example:

> [The] Declaration specifically states in para. 1 that Defendant did not willfully intend to unlawfully evade the payment of his 1996–1998 claimed taxes. (ECF No. 99, Declaration.) It also states in para. 2 that Mr. Campbell advised Defendant that he did not have to comply with the levy, but to get another tax opinion as well. *Id.* That Declaration also states that Defendant did not fire Mr. Campbell for his advice. *Id.*

8

> Thus, the very facts which the Magistrate originally found were not then disputed are now, in fact, controverted with evidence . . . .

ECF No. 119 at 5.  This court considered these arguments, but ultimately adopted the amended findings and recommendations in full.  *See* Order Adopting Am. Findings.  Because defendant was not deprived of the opportunity to explain the significance of his declaration, his argument that the magistrate judge committed clear error in denying his request for supplemental briefing is without merit.

Moreover, it was not clearly erroneous for the magistrate judge to allow only the United States to respond to defendant's declaration.  It is standard procedure for a movant, such as the United States here, to be afforded the opportunity to respond to the non-movant's opposition to a motion.  *See* E.D. Cal. L.R. 230 (providing procedure for filing motions, oppositions and replies).  To the extent defendant's request was for supplemental briefing to respond to the United States' response, it was essentially a request for a sur-reply.  *See* Req. for Suppl. Briefing at 2 ("Defendant should be permitted to brief the effect of his Declaration including the new arguments and evidence submitted by Plaintiff.").  Courts "have the discretion to either permit or preclude a surreply," *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citations omitted), as long as a surreply is addressing new arguments or evidence raised for the first time in the reply, *see Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (finding district court erred in not considering supplemental declaration where defendants' reply brief contained new evidence).

In his motion to amend, defendant does not point to new arguments or evidence the United States included for the first time in its response to defendants' declaration.  Defendant states only that the response "raised a number of issues that Defendant had not been given the right to address in detail." Mot. at 7.  Defendant also argues he was prejudiced by this denial because he was not given the opportunity to explain the "significance" of his declaration, *id*.; but, again, as reviewed above, defendant did have multiple prior opportunities to explain the significance of his averments.  Defendant's vague arguments do not leave the court with "the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*,

727 F.3d at 955 (citation omitted).  Rather, the magistrate judge acted within his sound discretion in rejecting defendant's request for supplemental briefing.  *See S.E.C. v. Seaboard Corp.*, 677 F.2d at 1314.

### 2. Improper Legal Standard on Summary Judgment

Defendant previously raised his third argument, that the magistrate judge committed clear error by applying the improper legal standard on summary judgment, Mot. at 5–6, in defendant's first motion to amend, First Mot. at 5.  Because the court did not expressly address the argument previously, it does so here.  Defendant argues the magistrate judge committed clear error by not applying the "fundamental rule of law" that "summary judgment is an extreme remedy which should be used sparingly and cautiously, and granted only reluctantly." Mot. at 6.  However, there is nothing in the magistrate judge's findings and recommendations to suggest the correct summary judgment standard was not applied.  *See* Am. Findings at 4 ("In resolving a motion for summary judgment, the evidence of the opposing party is to be believed. Moreover, all reasonable inferences that may be drawn from the facts placed before the court must be viewed in a light most favorable to the opposing party." (internal citations omitted)). Moreover, as noted, this court conducted a *de novo* review of the magistrate judge's recommendations and found they were supported by the proper legal analysis.  Order Adopting Am. Findings.  The court finds no reason to revisit that determination here.  Therefore, defendant's third argument does not afford relief.

### 3. Sufficiency of the United States' Evidence and Triable Issues of Fact

Defendant also challenges the sufficiency of the United States' evidence offered in support of summary judgment.  Mot. at 13–19.  Defendant previously made all of the arguments he makes in his second motion in his first motion to amend.  *See* First Mot. at 9–15.  While the court did not expressly address these arguments in its order, it considered them in ruling on the first motion.  *See Ray v. United States*, No. 91-35423, 1992 WL 8239, at *1 (9th Cir. Jan. 21, 1992) (unpublished) (rejecting appellant's argument that, because order did not mention the arguments made in his supplemental brief, the district court did not consider them, because "[t]he district court was not under an obligation to discuss in its written opinion every ground advanced

10

in [the] briefs"). Moreover, the same arguments were also raised in defendant's opposition to the United States' motion for summary judgment, Def.'s Opp'n to Renewed Mot. for Summ. J. at 25–32, and the magistrate judge analyzed them in his amended findings and recommendations, Am. Findings at 14–16, which the court adopted in full, Order Adopting Am. Findings. Defendant has not shown the court committed clear error in doing so nor has he raised any new evidence or change in law that causes the court to reconsider its decision.

### 4.  Collateral Estoppel

The court addressed defendant's argument, that the magistrate judge committed clear error in incorrectly applying the doctrine of offensive collateral estoppel with respect to tax years 2000 to 2003, in the order on the first motion to amend. Order on First Mot. at 6–7. However, the amended findings and recommendations, and by extension the court's order adopting them, also applied the doctrine of collateral estoppel to tax years 1996 to 1998. Am. Findings at 12–13. After considering defendant's declaration, the magistrate judge concluded:

> The issue of whether offensive collateral estoppel applies to defendant's 1996–1998 tax liabilities is a closer question, because the criminal charge for tax evasion in count one of the superseding indictment, on its face, only appears to have charged defendant with respect to his 2000-2003 tax liabilities. However, as the United States has shown, the IRS was actually attempting to collect all of defendant's tax liabilities simultaneously by virtue of an April 14, 2005 Notice of Levy, which pertained to defendant's tax liabilities for 1996–1998 and 2000–2003. (See ECF No. 67-1, Ex. 18.) That levy was the same levy that defendant was charged and convicted with defying in the tax evasion charge, as well as the vast majority of the removal, deposit, and concealment of property subject to levy charges in the superseding indictment. (ECF No. 57, Exs. Q, R.) Because the jury found that defendant had defied that levy, and the levy covered 1996-1998 and 2000-2003, the court is persuaded that offensive collateral estoppel also applies to defendant's 1996-1998 tax liabilities.
>
> In light of that conclusion, it is unnecessary to consider any other evidence offered by the United States in support of its motion for summary judgment, nor can defendant's declaration at ECF No. 99 be used to defeat summary judgment. Indeed, that declaration reveals that, even if he could, defendant is not attempting to raise any factual issue specific to the 1996–1998 tax years; he is again claiming, as he did in the criminal case, that he did not actually defy

/////

/////

>the tax levy with respect to any tax period.  That contention is plainly foreclosed by his criminal convictions.

*Id.*  The court adopted this recommendation in full.  Order Adopting Am. Findings.  Defendant argues this conclusion was clearly erroneous because: (a) the issues litigated in the criminal case were not sufficiently identical, and (b) it is "[u]nfair to apply collateral estoppel doctrine" because defendant's "opportunities to conduct meaningful discovery" were limited in the criminal case.  Mot. a 9–12.

        a.        <u>Identical Issues Litigated</u>

Defendant argues collateral estoppel should not have been applied to the United States' civil claim for tax years 1996 to 1998, because the issues litigated in the criminal case are not sufficiently identical to the issues here.  Mot. at 9.  For collateral estoppel to apply, the government had the burden to show, as a matter of law, the issue of the early tax years was "identical" to the issue litigated in the criminal trial.  *See Haung Tang v. Aetna Life Ins. Co.*, 523 F.2d 811, 813 (9th Cir. 1975) ("The burden of pleading and proving identity of issue rests on . . . the party asserting the estoppel." (citations omitted)); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel . . . the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party[.]").

Defendant argues specifically that the verdict offered by the United States as evidence of his conviction shows only that he was convicted of "attempting to evade and defeat the payment of tax," but "does not state how or in what amounts or for what tax years," and therefore the verdict cannot support the application of collateral estoppel here.  Mot. at 10–11.  However, the court previously determined collateral estoppel applied to resolution of the government's civil claims relating to the 1996 to 1998 tax years, only to preclude defendant from challenging the criminal jury's finding of fact that defendant defied the April 14, 2005 Notice of Levy, which covered tax years 1996 to 1998.  Am. Finding at 12–13.  The court did not apply collateral estoppel to prevent defendant's challenging the amount of his tax liabilities; rather, the United States provided evidence to support the claimed amounts in the civil case.  *See id.* at 12–16.  Furthermore, determining the method of evasion is unnecessary to resolve the factual

12

question at issue in this litigation: whether the defendant "willfully attempted to evade or defeat payment of his federal tax liabilities" in tax years 1996 to 1998.  Compl. ¶ 15.

Regarding the different sets of tax years, in applying collateral estoppel to resolution of the 1996 to 1998 tax year claims, the magistrate judge relied in part on the fact defendant was found guilty under 26 U.S.C. § 7206(4), by virtue of his violation of a tax levy pertaining to his taxes owed from 1996 to 1998 and 2000 to 2003.  Am. Findings at 12 (citing, *inter alia*, ECF No. 57-17 (jury verdict)).  Because the levy pertained to defendant's liability for 1996 to 1998 and 2000 to 2003, when defendant defied the levy in violation of 26 U.S.C. § 7206(4), the magistrate judge concluded that defendant necessarily evaded his tax liability for 1996 to 1998 as well as his liability for 2000 to 2003.  *Id.*  Therefore, the court impliedly concluded, the factual question decided in the criminal case is sufficiently identical to the factual question in this case.  Am. Findings at 12–13 ("Because the jury found that defendant had defied that levy, and the levy covered 1996–1998 and 2000–2003, the court is persuaded that offensive collateral estoppel also applies to defendant's 1996–1998 tax liabilities.").

However, the fact defendant violated the levy covering tax years 1996 to 1998 and 2000 to 2003 is clearly not identical to the issue being litigated here: whether defendant evaded taxes in the years 1996 to 1998.  The jury's guilty verdict could have been based solely on finding a violation of the levy in the period 2000 to 2003, especially because the superseding indictment on which the criminal case was based covered only tax evasion from 2000 to 2003.  *See* ECF No. 57-16 (superseding indictment); *see also Neman Fin., L.P. v. Citigroup Glob. Markets, Inc.*, No. CV1402499BROPLAX, 2015 WL 12765636, at *5 (C.D. Cal. Feb. 12, 2015) (finding only "issues which were essential to the verdict" are regarded as having been determined by jury verdict for purposes of collateral estoppel in a subsequent civil case) (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 569 (1951)).  Therefore, the fact that the jury, in rendering its verdict, concluded defendant violated the levy should not preclude defendant from litigating the specific issue of whether he evaded taxes from 1996 to 1998.

Furthermore, the government also did not meet its burden to show the issue of the early tax years was "fully litigated" in the criminal case.  *See In re Watson*, 192 B.R. 739, 747

13

(B.A.P. 9th Cir. 1996), ("[T]he party asserting collateral estoppel has the burden of establishing all the requisites for its application" including that the issue was "fully litigated" (citation omitted)), *aff'd*, 116 F.3d 488 (9th Cir. 1997). The Ninth Circuit has explained that, in order for a criminal conviction to have a preclusive effect on a later civil proceeding, "the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges." *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990). In the underlying criminal case, defendant was not even charged with evading taxes for 1996 to 1998 in the superseding indictment, which applies only to the 2000 to 2003 tax years. Am. Findings at 12. Therefore, defendant would not have necessarily been "motivated to fully litigate" the ancillary issue of the early tax years. *Ayers*, 895 F.2d at 1271.

Given the heavy burden on the proponent of offensive collateral estoppel, the court's decision to apply the doctrine to the early tax years was clearly erroneous, such that the judgment must be vacated in relevant part.

### b. Fairness of Applying Doctrine Given Discovery Limitations

Defendant also argues that collateral estoppel should not apply to either the 1996 to 1998 years or to 2000 to 2003, because defendant was prevented from conducting meaningful discovery in the earlier criminal action. Second Mot. at 12. Defendant cites to *Parklane Hosiery Co. v. Shore*, which cautions against relying on offensive collateral estoppel in situations where discovery is limited:

> Still another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.
>
> . . . .
>
> If, for example, the defendant in the first action was forced to defend in an inconvenient forum and therefore was unable to engage in full scale discovery or call witnesses, application of offensive collateral estoppel may be unwarranted. Indeed, differences in available procedures may sometimes justify not allowing a prior judgment to have estoppel effect in a subsequent action even between the same parties . . . . The problem of unfairness is particularly acute in cases of offensive estoppel, however, because the defendant against whom

14

> estoppel is asserted typically will not have chosen the forum in the first action.

*Parklane Hosiery Co.*, 439 U.S. at 331 & n.15; *see* Mot. at 12. Defendant raised an identical argument in his first motion to amend, First Mot. at 8–9, and in his opposition to the United States' original summary judgment motion, Def.'s Opp'n to Renewed Mot. for Summ. J. at 35–36. He argues the court committed clear error by rejecting this argument on the basis that defendant "'was represented in the criminal case by competent counsel, who vigorously defended Defendant's interest at trial and on appeal before the Ninth Circuit . . . ,' and a higher burden of proof applied in the criminal case." Mot. at 12 (quoting Am. Findings at 12).

Defendant's argument ignores the established precedent that a judgment in a criminal case may serve to collaterally estop civil claims, despite the fact that most criminal defendants historically have been afforded only limited discovery compared to what is available in the civil context. *See Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) (affirming district court's application of offensive non-mutual collateral estoppel against civil defendant where facts were found by jury in criminal case against same defendant). In *Fireman's Fund*, the Ninth Circuit addressed the application of *Parklane* to the context of a criminal judgment used to invoke civil collateral estoppel:

> The policy considerations discussed by the Supreme Court in *Parklane Hosiery* all cut in favor of applying offensive non-mutual collateral estoppel in this case. First, the [plaintiffs] could not have joined the criminal case. Second, because [defendant] faced a lengthy prison sentence, he had an incentive to litigate vigorously in his criminal trial. Third, [plaintiffs'] civil suit was not only foreseeable, but had already been filed. Fourth, there are no inconsistent judgments concluding that [defendant] was not guilty of a criminal RICO violation. Finally, the facts necessary to establish a criminal RICO violation were submitted to a jury, which found [defendant] guilty beyond a reasonable doubt. [¶] Moreover, . . . the guilty verdicts establish that [defendant] caused the [plaintiffs'] injury.

*Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) (citing *Parklane*, 439 U.S. at 331–32, 351). Many of the same factors apply here: defendant faced a prison sentence on the tax evasion charge, suggesting he had an "incentive to litigate vigorously in his criminal trial";

the civil suit for the unpaid taxes was likely foreseeable; defendant does not claim there are any inconsistent judgments; the jury found defendant guilty of tax evasion, and that tax evasion presumably caused the damages sought by the government. *See id.* Therefore, in applying collateral estoppel here to the claim for tax years 2000 to 2003, the court followed the authority in *Fireman's Fund* and *Parklane*, and therefore the decision was not clearly erroneous.

Moreover, despite having had the opportunity to conduct discovery in this case, defendant does not sufficiently show how any more discovery during his criminal proceedings could have possibly changed the outcome in his criminal case or how any discovery he obtained in this case could have altered the outcome. *See* Mot. at 1–13 (arguing that "needless to say, the outcome would have been different" if defendant had "been permitted to propound substantial written discovery and take numerous meaningful depositions of the government's witnesses in the criminal case").

Accordingly, the court does not find the court's prior application of collateral estoppel to the 2000 to 2003 tax years constituted clear error. *See McDowell*, 197 F.3d at 1255–56 (finding district court does not commit clear error warranting reconsideration when question before it is "debatable").

5.   Improper Denial of Stay

The United States is correct that the court previously considered and rejected defendant's arguments that the magistrate judge committed clear error in denying defendant's request to stay proceedings pending resolution of the criminal case and to allow for additional discovery. Opp'n at 6. The court rejects these renewed arguments for the reasons stated in its previous order. *See* Order on First Mot. at 7–8.

6.   Summary

Defendant has met his burden of showing clear error with respect to the court's application of offensive collateral estoppel to the government's claim for tax payments for the years 1993 to 1996. None of defendant's other 56(e) arguments warrant relief. The court next considers his Rule 60(b) contentions.

/////

III.   RULE 60(B) ARGUMENTS

    A.   Legal Standard

Under Rule 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Here, defendant requests relief from judgment because the judgment is void, relying on the fourth reason only.  Mot. at 4 (citing Rule 60(b)(4)).

As Rule 60(b)(4) suggests, a court can relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.*  Such infirmities are "rare," as they must be "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Id.*  "Judgments are generally considered void for jurisdictional defects only when 'the court that rendered judgment lacked even an "arguable basis" for jurisdiction.'" *Whitsitt v. City of Tracy*, No. 2:10-CV-00528-JAM-AC, 2016 WL 1357566, at *4 (E.D. Cal. Apr. 6, 2016) (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 270), *report and recommendation adopted*, No. 2:10-CV-00528 JAM-AC, 2016 WL 3448163 (E.D. Cal. June 23, 2016) .

B.  Discussion

Defendant raises two arguments for relief under Rule 60(b)(4): the magistrate judge's findings and recommendations were void given that the court lacked jurisdiction (1) because the action was not properly authorized, Second Mot. at 23–25 (citing 26 U.S.C. §§ 7401, 7403(a)), and (2) because the United States made a claim in defendant's bankruptcy case, which was discharged, and therefore the case is precluded by res judicata, *id*. at 25–28 (citing 11 U.S.C. § 524(a)(1), (2)).  Defendant raised both of these arguments in his first motion to amend, First Mot. at 20–25, and the court rejected them in its order on that motion, Order on First Mot. at 12–13.  Defendant has not offered any new evidence or change in law to warrant reconsideration of these arguments.  Accordingly, they are rejected for the same reasons stated in the court's order on the first motion to amend.

IV.  CONCLUSION

For the forgoing reasons, the court GRANTS defendant's motion for relief under Rule 59(e) in part, and DENIES the motion for relief under Rule 60(b)(4).  The case is REOPENED, and this court's order, ECF No. 121, adopting the magistrate judge's amended findings and recommendations, ECF No. 117, is hereby MODIFIED to reflect ADOPTION IN PART based on the conclusion above with respect to the 1996 to 1998 tax years; to the extent the prior order of adoption does not conflict with anything herein, the remainder of the order stands. Any remaining proceedings with respect to the only remaining issues in this case, related to the government's claims against defendant with respect to the 1996 to 1998 tax years, are REMANDED to the magistrate judge for reconsideration in light of this order.  This order resolves ECF No. 123.

IT IS SO ORDERED.

DATED:  August 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE