UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONALD M. WANLAND, JR.,<br>Defendant. | No. 2:13-cv-02343-DAD-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 145) |

This matter is before the court on plaintiff's motion for temporary restraining order filed on November 9, 2026 by defendant Donald M. Wanland, Jr., proceeding *pro se*. (Doc. No. 145.) For the reasons stated below, the court will deny plaintiff's motion.

**BACKGROUND**

On November 13, 2013, plaintiff United States of American filed a complaint against defendant Donald M. Wanland, Jr. seeking defendant's unpaid federal income tax assessments. (Doc. No. 1.) At the time, defendant had been "recently convicted of twenty-eight (28) criminal counts, including Attempt to Evade and Defeat the Payment of Tax (1 count), the Removal, Deposit, and Concealment of Property Subject to Levy (24 counts), and Willful Failure to File Income Tax Returns (3 counts)." (*Id.* at ¶ 18.) On August 27, 2021, the parties filed a stipulation requesting entry of judgment. (Doc. No. 140.) On September 16, 2021, pursuant to the stipulation (Doc. No. 140), the previously assigned district judge directed the entry of judgment

"in favor of the United States and against Donald Wanland for income tax liabilities related to his 1998, 2000, 2001, 2002, and 2003 tax years in the amount of $1,065,493.30, as of May 1, 2016, plus accrued interest and other statutory additions after that date, less any credits or payments after that date." (Doc. No. 141.) Judgment was entered in accordance with the court's order that same day. (Doc. No. 142.) To date, that judgment remains unsatisfied and plaintiff has recently issued three subpoenas to aid in executing that judgment. (Doc. No. 149 at 1.)

In his pending motion for temporary restraining order, defendant Wanland argues he is entitled to emergency relief from the three subpoenas seeking his private financial records spanning over a decade or longer from three different nonparty banking institutions on the grounds that those subpoenas are overbroad. (Doc. No. 145-3 at 1.) On November 10, 2026, the court ordered plaintiff to file a written opposition to the pending motion for temporary restraining order no later than November 13, 2026. (Doc. No. 147.) On November 13, 2026, plaintiff filed its opposition. (Doc. No. 149.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also*

*Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

**DISCUSSION**

As noted above, defendant argues that he is entitled to emergency relief from three nonparty subpoenas seeking his private financial records. (Doc. No. 145-3 at 1.) However, while defendant attaches an unsigned notice of motions and motions to quash or modify plaintiff's subpoenas and for a protective order to his motion for temporary restraining order, defendant has not actually properly noticed and filed these motions. (Doc. No. 145-4 at 94–95.) Defendant argues that he is currently prohibited from doing so because Local Rule 251 requires the filing of a joint statement that plaintiff has not finalized. (*Id.* at 2–3.) In addition, defendant claims that irreparable harm will occur before he is able to file such motions because the subpoena compliance deadliness have already passed. (*Id.* at 4–7.) Accordingly, until the court can hear his forthcoming discovery motions under L.R. 251, defendant seeks an emergency order (1) staying the enforcement of the subpoenas, (2) prohibiting plaintiff from reviewing, accessing, disseminating, or using any records already produced, (3) requiring plaintiff to notify the subpoenaed parties that production is stayed, and (4) requiring plaintiff to preserve any records already received. (*Id.* at 2.)

/////

/////

/////

/////

/////

/////

/////

/////

The court cannot determine whether emergency relief is appropriate here because, without an underlying motion[1], the court has no basis to assess defendant's likelihood of success on the merits. *See Rescue 1 Fin., LLC v. Complete Debt Relief, LLC*, No. 8:23-cv-00982-MEMF-KES, 2023 WL 4681579, at *1 (C.D. Cal. July 6, 2023) ("Without an operative complaint, the Court does not know what claims Plaintiff will pursue and cannot assess for purposes of a temporary restraining order Plaintiff's likelihood of success on the merits of those claims or identify the status quo that Plaintiff seeks to maintain."); *Johnson v. Kotek*, No. 1:24-cv-00758-CL, 2024 WL 2249834, at *2 (D. Or. May 17, 2024) ("Until Plaintiff has filed a complaint, the Court cannot make any decisions on whether he is likely to succeed 'on the merits' to rule on his motion for TRO or motion for preliminary injunction."); *Foust v. Oregon/Kotek*, No. 2:26-cv-01623-AP, 2026 WL 3001356, at *1 (D. Or. Oct. 5, 2026) ("In federal court, a TRO or a preliminary injunction is temporary relief the Court may grant while an underlying case is pending; it is not a stand-alone cause of action. Accordingly, Plaintiff's motion for TRO cannot proceed without a related underlying cause of action.") (citations omitted); *cf. In re Credito*, No. 2:22-cv-01549-JLR, 2022 WL 16744212, at *3–5 (W.D. Wash. Nov. 6, 2022) (analyzing the likelihood of

---

[1] The court is not persuaded that L.R. 251 precluded defendant from timely filing a motion to quash or modify the subpoenas or a motion for protective order. As plaintiff correctly points out, L.R. 251(a) allows for a notice of motion and motion to be filed without a joint statement so long as the joint statement is filed 14 days before the hearing. (*See* Doc. No. 149 at 6). Plaintiff also argues that L.R. 251(d) provides relief for "the precise circumstance Wanland describes." (*Id.*) In pertinent part, L.R. 251(d) states, "If counsel for [] any party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for that party may file and serve an affidavit so stating[.]" That being said, this court would lack jurisdiction to rule upon a motion to quash or modify the subpoenas filed by defendant. "Rule 45 dictates that orders protecting persons subject to a subpoena, or otherwise modifying or quashing a subpoena, are to be considered upon timely motion in the district court 'where compliance is required.'" *City of Riverside v. Greyhound Lines, Inc.*, No. 5:16-cv-00796-AB-SP, 2017 WL 11632085, at *7 (C.D. Cal. May 16, 2017) (citing and quoting Fed. R. Civ. P. 45(d)(1)–(3)); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 8:15-cv-02034-JVS-JCG, 2017 WL 10562985, at *5 (C.D. Cal. Mar. 6, 2017) (same). Here, two of the subpoenas request compliance in Los Angeles, California and the other requests compliance in Wilmington, Delaware. (Doc. No. 149 at 4.) As plaintiff correctly points out, those addresses lie in the Central District of California and the District of Delaware, respectively. (*Id.*) Conversely, this court would have jurisdiction over a motion for protective order, *see* Fed. R. Civ. P. 26(c)(1), but pursuant to L.R. 302(c)(1) & (17), such a motion would be referred to the assigned magistrate judge.

success on the merits where the movant sought a temporary restraining order enjoining the use of records obtained pursuant to a subpoena until the court ruled on the movant's pending motion to quash the subpoena). For this reason alone, the court will deny defendant's motion for temporary restraining order. *See, e.g.*, *Foust*, 2026 WL 3001356, at *1–2 (denying motion for temporary restraining order in part because there was no accompanying cause of action).

**CONCLUSION**

For the reasons explained above, defendant's motion for a temporary restraining order (Doc. No. 145) is DENIED. This action is referred to the magistrate judge for further proceedings. *See* L.R. 302(c)(1) & (17).

IT IS SO ORDERED.

Dated: **November 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE